Fred COTTLE and Norman Haines, Plaintiffs-Appellees,

v.

Paul KRANZ and Walter Kranz, Defendants,

and

Curtis Kranz, Defendant-Appellant.

Civ. No. 9106.

Supreme Court of North Dakota.

June 24, 1975.

Joseph P. Stevens, Minot, for defendants-appellants.

John L. Sherman, Mackoff, Kellogg, Kirby & Kloster, Dickinson, Reichert, Howe & Hardy, Dickinson, for plaintiffs-appellees.

PAULSON, Judge.

Fred Cottle and Norman Haines commenced an action in McLean County District Court against the defendants Paul Kranz, Walter Kranz, and Curtis Kranz. The defendant Walter Kranz interposed a separate answer; and the defendant Paul Kranz interposed a separate answer and counterclaim, as did the defendant Curtis Kranz. A nonjury trial was held and thereafter a judgment was awarded to the plaintiffs and against the defendant Curtis Kranz in the sum of $3,106.64 and against the defendant Paul Kranz in the sum of $728.00. The judgment also provided for a dismissal of the counterclaims of Paul Kranz and Curtis Kranz. The action against Walter Kranz was dismissed. Curtis Kranz is the only defendant who attempted to appeal from the judgment of the district court, which judgment was entered on January 8, 1975. Notice of entry of judgment, which was dated January 6, 1975, was served by mail upon counsel for the defendants as of the same date. Thereafter, the notice of appeal, which was dated March 6, 1975, was not filed with the clerk of the McLean County District Court until March 19, 1975. No affidavit of mailing or other evidence of mailing the notice of appeal to the clerk of court is a part of the record.

The appellees have moved this court to dismiss this appeal upon the grounds that the appellant failed to comply with the provisions of Rule 4(a) of the North Dakota Rules of Appellate Procedure in that the notice of appeal was not filed within sixty days from the date of service of notice of entry of judgment; no application and order extending the time for filing was entered; and no notice of appeal was ever

served upon counsel for appellees or any of them. The appellees further urge that the appellant did not comply with §§ 28–27–05 and 28–27–04, of the North Dakota Century Code, which sections respectively set forth the manner of taking an appeal and the time in which an appeal from a judgment may be taken.

This court adopted the Rules of Appellate Procedure, which became effective on March 1, 1973. Rules 3 and 4, N.D.R. App.P., as promulgated, set forth, substantially, the method and time of appeal contained in §§ 28–27–05 and 28–27–04, N.D. C.C. Rules 3 and 4, N.D.R.App.P., superseded §§ 28–27–05 and 28–27–04 by virtue of § 27–02–09, N.D.C.C., as well as Rule 49(b), N.D.R.App.P. The pertinent parts of Rules 3 and 4, N.D.R.App.P., are as follows:

*Rule 3—Appeal as of Right—How Taken*

"*(a) Filing the notice of appeal.* An appeal permitted by law as of right from a trial court to the supreme court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. . . ."

*Rule 4—Appeal—When Taken*

"*(a) Appeals in civil cases.* In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within sixty days of the date of the service of notice of entry of the judgment or order appealed from. . . .

. . . . .

"Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the trial court shall deem appropriate. . . ."

The appellees urge that the appeal should be dismissed because the appellant did not file his notice of appeal within the sixty-day period prescribed by Rule 4(a). The appellees further urge that the record does not reveal that any notice of appeal was ever served upon either of them, by mail or otherwise; nor is there in the record any application and order by the district court extending the time for filing for a period not to exceed thirty days from the expiration of the time otherwise prescribed by Rule 4(a).

■ Neither of the parties to the appeal assert that any post-decisional motions were made, as set forth in Rule 4(a). Appellees cite in support of their argument a recent decision of this court, Farmers Union Grain Terminal Ass'n v. Briese, 192 N.W.2d 170 (N.D.1971), and 9 Moore, Federal Practice (2d ed.) ¶ 204.02. While Farmers Union Grain Terminal Ass'n v. Briese was decided prior to the effective date of the North Dakota Rules of Appellate Procedure (March 1, 1973), this court held, in *Briese,* in paragraph 1 of the syllabus:

"The time prescribed by Section 28–27–04, N.D.C.C., within which an appeal may be taken from a judgment is mandatory and jurisdictional, and where an appeal from a judgment is not taken within the statutory period the Supreme Court is without power to do more than dismiss the appeal."

We believe that the jurisdictional characterization has survived the adoption of the North Dakota Rules of Appellate Procedure and that the holding in *Briese* is controlling in construing Rule 4(a), and, accordingly, that the Rule concerning the time for filing of a notice of appeal is mandatory and jurisdictional.

Our Rules of Appellate Procedure were adopted substantially from the Federal Rules of Appellate Procedure. Several federal circuit courts, without questioning whether a period of time prescribed by the Supreme Court was jurisdictional, reaffirmed the old formula that the time for

appeal is jurisdictional. The Supreme Court of the United States after the adoption of its Rules of Appellate Procedure held that the time fixed by the civil rules with reference to the time for appeal was mandatory and jurisdictional. Pittsburgh Towing Co. v. Mississippi Valley Barge Line Co., 385 U.S. 32, 87 S.Ct. 195, 17 L.Ed.2d 31, *reh. den.,* 385 U.S. 995, 87 S.Ct. 594, 17 L.Ed.2d 455 (1966). *See* 4 Am. Jur.2d, Appeal and Error §§ 292, 293.

The appellant contends that one of the attorneys for the appellees executed a stipulation as to the record on appeal and that appellant's record appendix was prepared on that basis, and that no question was raised as to the timely filing of the appellant's brief and appendix. Therefore, the appellant urges that he has substantially complied with the Rules of Appellate Procedure and his appeal should not be dismissed.

To come within the provisions of the last sentence of Rule 4(a), N.D.R.App.P., one must apply to the trial court for an extension of time within which to file an appeal within ninety days of the date of the service of notice of the entry of judgment or order appealed from.

Having perused the record, we conclude that appellant's argument is unpersuasive and without merit.

The motion for dismissal of the appeal is accordingly granted with costs to the appellees in the sum of $100.00.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.