**Bret O. DEHN, Plaintiff and Appellee,**

v.

**OTTER TAIL POWER COMPANY and Ervin Sahr, Defendants and Appellants.**

**Civ. No. 9275.**

Supreme Court of North Dakota.

Dec. 31, 1976.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for plaintiff and appellee; appearances by C. J. Serkland and Ronald H. McLean, Fargo, argued by C. J. Serkland, Fargo.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendants and appellants; appearances by Frank J. Magill and John E. Rowell, Fargo, argued by John E. Rowell, Fargo.

ERICKSTAD, Chief Justice.

Pending before us is a motion filed with our clerk of court on October 14, 1976, to dismiss the appeal of the defendants, Otter Tail Power Company and Ervin Sahr, from the orders of the district court, third judicial district, Ransom County, denying defendants' motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and denying defendants' motion to amend judgment, all of which orders were filed on the 23rd day of June, 1976.

On October 22, 1976, the defendants filed a motion with our court to stay proceedings on the plaintiff's motion to dismiss the appeal on the ground that they had moved the district court to extend the time for filing the notice of appeal by two days. Thereafter, the trial court heard the motion to extend the time for filing the notice of appeal and apparently declined to render a decision on that motion until such time as this court has rendered a decision on the motion to dismiss the appeal. Our court has now heard the oral arguments on the motion to dismiss the appeal and it is that motion which we must now decide.

Hereafter, for the sake of brevity and, hopefully, clarity, we shall refer to the defendants as Otter Tail and the plaintiff as Dehn.

The facts are that the clerk of the district court did not receive the notice of appeal in this case until the sixty-second day following the filing of the orders from which appeal is taken. On June 23, 1976, Dehn personally served upon one of the attorneys for Otter Tail, notice of the entry of the orders denying the motions described in the first paragraph of this opinion. On August 24, 1976, Otter Tail filed with the clerk of district court of Ransom County, a notice of appeal. Otter Tail had not sought or received from the district court, an extension of time to file the notice of appeal. August 24 is 62 days after June 23 and does not follow a Saturday, Sunday, or legal holiday, nor is August 24 a Saturday, Sunday, or legal holiday.

It is asserted by Dehn that the notice of appeal was therefore filed late and that the appeal should be dismissed for failure to comply with the requirements of Rule 4(a) of the North Dakota Rules of Appellate Procedure.

That Rule reads:

"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

"The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court by any party pursuant to the North Dakota Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from service of notice of the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 59.

"Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with

such notice as the trial court shall deem appropriate."

Dehn asserts that the 60 day limit set for appeal was jurisdictional and mandatory and that, as the notice of appeal was not filed with the clerk of the district court until 62 days after the service of notice of entry of the orders appealed from, the appeal must be dismissed.

In addition to numerous federal court decisions, Dehn cites a number of decisions rendered by this court which construed the statute in effect prior to the adoption of the North Dakota Rules of Appellate Procedure which became effective March 1, 1973, and the decision of *Cottle v. Kranz*, 231 N.W.2d 777 (N.D.1975) as authority for its contentions.

In an affidavit filed with this court in resistance to the motion to dismiss the appeal, Mr. John E. Rowell, who is the lawyer in the law firm of Nilles, Hansen, Selbo, Magill & Davies, Ltd., who prepared the notice of appeal and mailed it on the 60th day, indicated that he was misled by a provision in Rule 25, N.D.R.App.P., which permits filing by mail.

Rule 25(a) seems to relate only to the filing of papers with the clerk of the supreme court as distinguished from the requirement in Rule 4(a) which speaks of filing the notice of appeal with the clerk of the trial court. In any case, it is significant to note that the second sentence of that Rule, states that filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except in the case of briefs and appendices which shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail is utilized. The pertinent part of Rule 25(a) follows:

"Papers required or permitted to be filed in the supreme court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing, except that briefs and appendices shall be deemed filed on the day of mailing if the most

expeditious form of delivery by mail, excepting special delivery, is utilized. . . ."

An affidavit filed by Mr. Frank Magill, as a partner and president of the law firm representing Otter Tail Power Company in this matter, indicates that Mr. Magill was very busy after returning from vacation with his duties as a partner and as the president of the law firm, and that, in addition thereto, he was occupied very greatly outside of his law office as the result of a death in his family.

Counsel for Otter Tail argue that the motion to dismiss the appeal should be denied so that they may argue the issue of excusable neglect under Rule 4(a) before the trial court, notwithstanding that they failed to make the motion before the expiration of the additional 30 day period.

They rely upon the third paragraph of Rule 4(a) quoted above.

Otter Tail asserts that anything which this court said to the contrary in *Cottle* was mere *obiter dictum* and therefore should be ignored, that in any case *Cottle* is distinguishable from the instant case; and that the circuit courts of the United States, with the exception of the Eighth Circuit Court of Appeals, have construed the Federal Rule, which is similar to our Rule, to the effect that application need not be made for an extension of the time within which to file a notice of appeal prior to the expiration of the second 30 day period.

In essence, they assert that the overwhelming weight of modern federal authority supports the proposition that if the notice of appeal is filed more than 60 days, but less than 90 days, after the entry of the judgment or order appealed from, the district court may at any time consider a motion to validate the filing within the final 30 day period for excusable neglect. In support thereof, counsel cite the following authority:

*Salazar v. San Francisco Bay Area Rapid Transit District*, 538 F.2d 269 (9th Cir. 1976); *Lashley v. Ford Motor Company*, 518 F.2d 749 (5th Cir. 1975); *Stirling v.*

*Chemical Bank,* 511 F.2d 1030 (2d Cir. 1975); *Alley v. Dodge Hotel* [163 U.S. App.D.C. 320] 501 F.2d 880 (D.C. Cir. 1974); *Cramer v. Wise,* 494 F.2d 1185 (5th Cir. 1974); *Torockio v. Chamberlain Manufacturing Company,* 456 F.2d 1084 (3d Cir. 1972); *Evans v. Jones,* 366 F.2d 772 (4th Cir. 1966); *see also Brainerd v. Beal,* 498 F.2d 901 (7th Cir. 1974); *Pasquale v. Finch,* 418 F.2d 627 (1st Cir. 1969); *Reed v. People of State of Michigan,* 398 F.2d 800 (6th Cir. 1968); *C–Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952 (2d Cir. 1968).

Otter Tail especially stresses the language in *Stirling,* a decision rendered by the Second Circuit Court of Appeals, construing the Federal Rule as follows:

". . . Here, however, the filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time because of excusable neglect. See *Evans v. Jones,* 366 F.2d 772 (4th Cir. 1966); *Reed v. People of State of Michigan,* 398 F.2d 800 (6th Cir. 1968). Nothing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension of time to sanction the late filing of a notice of appeal within the second half of the 60-day period, provided a purported notice of appeal has actually been filed within that period. See *C–Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952, 954–55 (2d Cir. 1968); *Pasquale v. Finch,* 418 F.2d 627, 629 (1st Cir. 1969)." *Stirling v. Chemical Bank, supra* at 1032.

It should be noted that under the Federal Rule, the maximum period within which an appeal may be taken is 60 days, whereas under our Rule it is 90 days. Section 28–27–04, N.D.C.C. is superseded by Rule 49(b) of N.D.R.App.P.

In addition, Otter Tail refers us to the following language from *Torockio*:

". . . Thus quite conceivably an appellant could mail a notice of appeal to the clerk sufficiently in advance of the expiration of the first thirty day period to expect timely filing in the normal course of mail delivery, but the notice, delayed in the mail, might arrive and be filed untimely. Since the clerk has no duty to notify the appellant of the date of filing he could remain ignorant of the need to make a motion pursuant to Rule 4(a) until after the expiration of the second thirty days. We do not think Rule 4(a) contemplated the result, in such circumstances, that no court could remedy the defect. We hold, therefore, that if, as here, a notice of appeal is filed more than thirty but less than sixty days after the entry of the judgment appealed from, the district court may at any time consider a motion to validate the filing within the second thirty days for excusable neglect. . . ." 456 F.2d at 1087.

Dehn asserts on the other hand, that not only *Cottle* supports the motion to dismiss, but that the Eighth Circuit Court of Appeals, which is the circuit within which our state is located, supports the motion, particularly citing the case of *Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach,* 525 F.2d 1179 (8th Cir., 1975).

In addition to referring us to other decisions of other circuits, Dehn asks that we consider what Professor Moore has to say on this subject in his treatise in 9 Moore's Federal Practice, ¶ 204.13[2], commencing at page 974 and concluding on page 977 and 978.

"Since the district court cannot extend the date for filing a notice of appeal to a day more than thirty days after the expiration of the time for appeal, it would seem that an extension must be both sought and granted within the thirty-day period. . . .

". . . Rule 4(a) plainly says that the time for appeal may not be extended beyond the period of thirty days follow-

ing its expiration. That means that the request for an extension must be made and granted within the thirty-day period. There may be occasional cases in which that fact will work hardship, but to provide for such cases by a rule that will cast doubt on the finality of judgments and increase the burdens of both district courts and courts of appeals seems unwise."

In this instance, it would appear that that which is quoted from Moore is less significant than that which is omitted.

Notwithstanding that Professor Moore, at page 975, indicated that the Rule seemed to be to that effect in the ninth circuit, the tenth circuit, and the third circuit, it is interesting that Moore points out at page 976 that recent decisions hold that the district courts can grant an extension of time for appeal after the expiration of the period of 30 days following the expiration of the time for appeal itself.

After stating that in *C–Thru Products, Inc.,* the Second Circuit, interpreting the same provisions now found in Rule 4(a) of the Federal Rule, rejected the argument that the extension could be granted only within the 30-day period, Professor Moore said:

"Decisions in the Fourth and Sixth Circuits appear to go even further. In *Evans v. Jones* and in *Reed v. People of State of Michigan* the notice of appeal was filed after the expiration of the time for appeal and within the thirty-day period following its expiration, but no motion for an extension of the time was made in the district court. In response to motions to dismiss the appeals as untimely, the courts of appeals remanded the cases for a determination of whether the untimeliness was the result of excusable neglect, despite the fact that the thirty-day period for seeking an extension had long since expired." 9 Moore's Federal Practice ¶ 204.13[2] at 976–77.

It would seem, in light of the fact that we have by rule reduced the previously established statutory time for filing a motion of appeal from 90 days to 60 days, that

we cannot rely upon the old case law which was based upon a time period established by statute to hold that, as an appeal is purely statutory, the time within which one may appeal is jurisdictional. If we concede then that the filing of the notice on the 62nd day does not involve a jurisdictional issue, the motion to dismiss should be denied and the case should be remanded so the trial court may determine whether the failure to file within the 60 days may be excused upon the basis of excusable neglect. See 9 Moore's Federal Practice Section 204.02[2], pointing out how illogical it is to hold that time for appeal set by statute and shortened by Federal Court Rule is jurisdictional, when the original basis of all holdings that the time is jurisdictional was based upon the fact that the time was set by Congress and not by the Court. A pertinent part of Moore's reasoning follows:

"It seems too plain for argument that the time for appeal is no longer jurisdictional. It *was* jurisdictional when it was embedded in statutes creating jurisdiction. But when Congress turned over to the Supreme Court the power to prescribe procedural rules it in effect announced that it no longer intended to define jurisdiction in time. It can hardly be supposed to have turned over to the Court the power to define the jurisdiction of federal courts. Notwithstanding what was said in *Robinson, supra* [*United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259], the Court has recognized that when it substitutes a time period for that found in a jurisdictional statute, time is no longer of the essence of jurisdiction. In *Heflin v. United States* [358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407] it dispensed with the requirement that the petition for certiorari to a court of appeals in a criminal case be filed within thirty days because, among other reasons, 'no jurisdictional statute is involved.' But no jurisdictional statute was involved only because the Court had superseded the statute by its own rule under the authority of the Act of February 24, 1933. That act, now 18 USC § 3772, is the same authority under which

the court fixes the time for appeals after verdict in criminal cases. How can Rule 4(b) be jurisdictional if the court's own rule on the time for petitioning for certiorari to a court of appeals in 'a criminal case is not?" 9 Moore's Federal Practice, ¶ 204.02[2] at 910.

From this it logically follows that only the 90 day limit, not the 60 day limit, should be treated as jurisdictional. Between the 60 day period and the 90 day period, excusable neglect must be shown to permit a filing of an appeal within that period.

As adverse counsel were served with notice of the appeal within the 60 day period, they cannot complain that they lacked knowledge of Otter Tail's intent to appeal, or that they were in some way prevented from preparing for the appeal. This factor distinguishes this case from *Cottle*.

In reaching the conclusion that we have, we are acting consistent with the objective we have often stated in the past when motions for dismissal were made on the basis of other of our Rules of Appellate Procedure. That objective is that, whenever reasonably possible, a case should be disposed of on its merits. *LeFevre Sales, Inc. v. Bill Rippley Construction, Inc.*, 238 N.W.2d 673 (N.D.1976). In so stating herein, we make no judgment on the issue of excusable neglect which is an issue which must be decided by the trial court in the first instance.

The motion to dismiss the appeal in our court is denied and the case is remanded to the trial court so that the trial court may determine whether the failure to file the notice of appeal with the clerk of the district court within the 60 day period following service of the notice of the orders denying the motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, and the motion to amend the judgment, were due to excusable neglect.

Because of the necessity of preparing the motion to dismiss and appearing in this court in connection therewith, we assess costs against Otter Tail Power Company and Ervin Sahr in favor of Bret O. Dehn in the amount of $300.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.