**THOMAS C. ROEL ASSOCIATES, INC., Plaintiff and Appellant,**

v.

**Gordon C. HENRIKSON and Gretchen K. Henrikson, Defendants and Appellees.**

Civ. No. 9759–A.

Supreme Court of North Dakota.

March 25, 1981.

parties under Rule 15(b), N.D.R.Civ.P., are not before us.

Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, for plaintiff and appellant; submitted on brief.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendants and appellees; submitted on brief.

PEDERSON, Justice.

The dispute between Roel and Henrikson is described in *Thomas C. Roel Associates, Inc. v. Henrikson*, 295 N.W.2d 136 (N.D. 1980). In that case we reversed and remanded with instructions to hold an evidentiary hearing. That hearing was held on September 30, 1980, after which the trial court's findings of fact, conclusions of law and order for judgment were filed. Judgment was entered on November 13, 1980, and notice of entry thereof was served upon Roel's counsel by mail on that same date.

On the 21st day of January, 1981, Roel filed with the clerk of the district court a notice of appeal. Thereafter, on February 4, 1981, Henrikson filed in this court a motion to dismiss the appeal which we are now considering. We grant the motion and dismiss the appeal.

Roel has not responded to the motion to dismiss in this court but we are informed by counsel for Henrikson that on February 12, 1981, Roel moved in the trial court for an order extending the time for appeal and that an extension was denied.

"Generally, when an appeal is taken, the jurisdiction of the Supreme Court attaches and the trial court has no further jurisdiction in the matter." *Orwick v. Orwick*, 152 N.W.2d 95, 96 (N.D.1967).

If the trial court had granted an extension of time to appeal after it had lost jurisdiction, that extension would have been "legally void." See *In Re Estate of Brudevig*, 175 N.W.2d 574, 577 (N.D.1970). If, on the other hand, the appeal to this court is void, the trial court apparently did not lose jurisdiction. In the case of *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851 (N.D.1976), on December 31, 1976 we remanded that case to the trial court to determine whether there was excusable neglect for filing a notice of appeal on August 24, 1976, 62 days after the date of service of notice of entry of judgment.

In the light of the conclusion already reached by the trial court here that Roel failed in the attempt to show "excusable neglect," a further remand for that purpose is unwarranted.

Rule 4(a), N.D.R.App.P., requires that appeals must be filed with the clerk of the trial court within 60 days of the date of the service of notice of entry of judgment. Pursuant to Rule 26, N.D.R.App.P., because service was accomplished by mail, Roel had 63 days to file a notice of appeal. He did not do so. Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal for a period of not to exceed 30 days. That extension may be granted before or after the time otherwise prescribed has expired. Rule 4(a), N.D.R.App.P.

Time for appeal may not be enlarged by this court for filing of a notice of appeal. Rule 26(b), N.D.R.App.P.; *State v. Metzner*, 244 N.W.2d 215, 220 (N.D.1976); *Cottle v. Kranz*, 231 N.W.2d 777 (N.D.1975). See also, *City of Grand Forks v. Henderson*, 297 N.W.2d 450 (N.D.1980), and *Dehn v. Otter Tail Power Co., supra.*

The trial court's determination that "excusable neglect" has not been shown has not been challenged in this court by Roel.

The appeal is dismissed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.