Thomasine HEITKAMP, Petitioner and Appellee,

v.

S.L., Mother, and M.L., Father, Respondents and Appellants,

and

K.L., a Child, and William D. Schmidt, Guardian ad Litem of said child, Respondents and Appellees.

Civ. No. 10389.

Supreme Court of North Dakota.

Oct. 4, 1983.

Patricia L. Burke, Asst. State's Atty., Bismarck, for petitioner and appellee.

Maury C. Thompson, of Christensen & Thompson, Bismarck, for respondents and appellants.

William D. Schmidt, Bismarck, guardian ad litem.

VANDE WALLE, Justice.

Thomasine Heitkamp has moved to dismiss an appeal taken by S.L. and M.L. from an order of the juvenile court of Burleigh County terminating their parental rights. We grant the motion to dismiss the appeal.

The order which is the subject of the attempted appeal was entered on November 22, 1982, and notice of entry of the order was served by mail on that date. The notice of appeal from the order was dated February 2, 1983, and filed with the clerk of the district court on February 3, 1983. On February 22, 1983, Heitkamp moved to dismiss the appeal on the basis that the notice of appeal was not filed within the 60-day time period allowed by Rule 4(a), N.D.R. App.P. The appellants, although conceding that the notice of appeal was not timely filed, submitted a return to the motion to dismiss the appeal on March 14, 1983, in which they opposed the motion as premature because they had requested the juvenile court to extend the time in which to appeal as permitted by Rule 4(a), N.D.R. App.P., upon a showing of excusable neglect. We agreed to postpone any action on the motion to dismiss the appeal until after the juvenile court made its determination relative to the extension of time for filing the notice of appeal requested by appellants' counsel. The juvenile court in a memorandum opinion issued March 25, 1983, determined that because a notice of appeal had been filed with this court the juvenile court had no jurisdiction to grant the relief requested by the appellants, and issued an order denying the motion for an extension of time within which to appeal on April 4, 1983. The appellants took no appeal from that order. Subsequently the appellants moved the juvenile court for reconsideration of its denial of the motion to extend the time within which to appeal

based on the decision in *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851 (N.D.1976).

Heitkamp apparently did not receive notice of the motion to reconsider the denial of the motion to extend the time within which to appeal until August 1983, although the motion for reconsideration was made to the juvenile court in June 1983. In the meantime Heitkamp moved this court to set a time for oral argument on the motion to dismiss the appeal. The motion was granted and the argument was scheduled for September 12, 1983. At oral argument we were informed that the juvenile court issued a memorandum decision on August 30, 1983, in which the juvenile court assumed it had authority to rule on the appellants' motion for an extension of time within which to appeal but found no excusable neglect on the part of the appellants and denied the motion. We were not informed whether or not an order was issued pursuant to the memorandum decision, and apparently no appeal from that decision has been taken as of this date.

Rule 4(a), N.D.R.App.P., specifies that in civil cases the notice of appeal must be filed with the clerk of the trial court within 60 days of the date of service of notice of entry of the judgment or order appealed from. That rule also provides, in part:

"Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the trial court shall deem appropriate."

In *Dehn*, this court held that if a notice of appeal was filed more than 60 days after the notice of entry of judgment but within the 90-day period the district court may at any time consider a motion to validate, for excusable neglect, the filing within the final 30-day period. In *Dehn* the court re-

manded the matter to the district court so it could determine whether or not the failure to file the notice of appeal with the clerk of the district court was due to excusable neglect under Rule 4(a).

In the instant case the juvenile court has twice refused to grant a motion extending the time within which to file the notice of appeal, although the notice was filed within the 90-day period. Without such an extension we have no choice but to dismiss the appeal for the reason that the notice of appeal was not timely filed and this court is therefore without jurisdiction to hear the appeal. Rule 4(a), N.D.R.App.P.; *City of Minot v. Lundt,* 268 N.W.2d 482 (N.D.1978).

Although appellants have taken no appeal from either the order denying the motion for extension of time issued by the juvenile court on April 4, 1983, or its decision of August 30, 1983, finding no excusable neglect, they argue that we should review those determinations of the juvenile court in this appeal. Because no appeal from those decisions of the juvenile court have been filed, we are without jurisdiction to do so. However, if we had jurisdiction to review the juvenile court's finding of no excusable neglect on the part of the appellants, we have serious doubts, on the record presently before us, that the juvenile court abused its discretion in refusing to grant the extension of time within which to appeal.

The motion to dismiss the appeal is granted and, for the reasons stated herein, the appeal is dismissed.

ERICKSTAD, C.J., SAND and PAULSON, JJ., and JAMES H. O'KEEFE, District Judge, concur.

PAULSON, J., sitting as Surrogate J.

JAMES H. O'KEEFE, District Judge, sitting in place of PEDERSON, J., disqualified.