Donald KESSEL, Plaintiff and Appellant,

v.

Ronald W. PETERSON and Jean J. Peterson, Defendants and Appellees.

Civ. No. 10566.

Supreme Court of North Dakota.

June 28, 1984.

Rauleigh Robinson, Bismarck, for plaintiff and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellees; argued by John L. Sherman, Dickinson.

PEDERSON, Justice.

Donald Kessel (Kessel) sued Ronald and Jean Peterson (Petersons) for cancellation of contracts for the purchase of a mobile home park and for possession of the premises. Petersons counterclaimed for rescission on the grounds of mistake and fraud, both actual and constructive. Judgment was entered on September 29, 1983 in favor of Petersons, rescinding the land contracts and awarding them a money judgment for return of their investment in the property. A writ of execution was issued on the judgment on October 13, 1983, but was returned unsatisfied on November 3 because Kessel had filed a Chapter 13 Petition in Bankruptcy on October 31. On November 7 Kessel filed his notice of appeal (dated November 4) from the September 29 judgment. Petersons have moved to dismiss the appeal on the ground that the automatic stay provisions of the Bankruptcy Code prevent this court from acquiring jurisdiction of an appeal filed after the appellant has filed a bankruptcy petition.

The automatic stay provisions of 11 U.S.C. § 362(a) prohibit the commencement or continuation of judicial, administrative or other proceedings against the debtor that were or could have been commenced before the bankruptcy petition was filed. This prohibition also applies to the enforcement against the debtor or the property of the estate in bankruptcy of a judgment obtained before the filing of the bankrupt-cy petition. Relief from the automatic stay is possible pursuant to certain enumerated exceptions or when granted by the bankruptcy court after a hearing.

We recently held in *Boschee v. Boschee,* 340 N.W.2d 685 (N.D.1983) that the automatic stay of 11 U.S.C. § 362 did not prevent us from determining the validity of an amended judgment pertaining to the ownership of property when the judgment was appealed before the bankruptcy was filed. A bankruptcy court has also allowed the continuation of proceedings to determine the validity of a contract while staying further litigation of a creditor's counterclaim. *In re Revere Copper and Brass, Inc.,* 32 B.R. 577 (Bkrtcy.S.D.N.Y.1983.)

Kessel contends that our holding in *Boschee* encompasses any appeal brought by a debtor if the outcome of the appeal will affect the outcome of the bankruptcy proceedings. We do not agree that *Boschee* stands for that expansive an interpretation.

Although it is not in the record, we were informed by the parties that the bankruptcy court, at a hearing on April 30, denied Petersons' motion to lift the stay because the action was not one against the debtor and therefore the appeal could go forward regardless of the stay. The bankruptcy court apparently relied on the Third Circuit's opinion in *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel,* 682 F.2d 446 (3d Cir.1982).

The appellate court in *St. Croix* noted that by its terms Section 362 only stays proceedings *against* the debtor, and that the statute does not address actions brought *by* the debtor which would benefit the bankruptcy estate. The court then stated:

"In our view, section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage

of the litigation at which the filing of the petition in bankruptcy occurs." *Id.* at 449. [Emphasis in original.]

Other courts have agreed with the rationale of *St. Croix* and some have carried it a step further and concluded that what constitutes a proceeding against the debtor "must be ascertained from an examination of the debtor's status at the *initial* proceeding." *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir.1983). [Emphasis in original.]

■ We believe that the critical focus should be on a true examination of the debtor's status at the initial proceeding and not merely on blind adherence to labels. In the case before us, the examination necessarily involves a closer look at the judgment being appealed.

We agree with the approach taken by the court in *In re Regal Construction Co., Inc.*, 28 B.R. 413 (Bkrtcy.Md.1983). In *Regal,* a seller of concrete pipe (Meade) sued Regal and its surety. Regal counterclaimed and, before the trial of Meade's action, filed a Chapter 11 Petition in Bankruptcy. Regal did not participate in the trial with its surety, but instead brought an adversary action against Meade in the bankruptcy court. Meade moved to dismiss the adversary proceeding on the grounds that the judgment against Regal's surety precluded Regal from relitigating the claim. Regal resisted, arguing that the automatic stay had prevented it from litigating its counterclaim in the earlier action and that applying collateral estoppel or res judicata to the adversary proceeding was contrary to the policies underlying the automatic stay of 11 U.S.C. § 362.

The bankruptcy court held that the stay did not preclude Regal from litigating its counterclaim since the counterclaim was an action by the debtor, not one against the debtor. The court noted that a determination of whether or not the barring of Regal's adversary proceeding was contrary to the underlying policies of Section 362 was a point that "must be examined in the light of the facts of this case and not as an independent proposition of law." *Id.* at 416. The court then granted Meade's motion to dismiss, concluding that when Regal filed its bankruptcy petition, it had to either go forward with its counterclaim or seek relief from the stay. By doing neither, Regal was barred from pursuing its counterclaim in the guise of an adversary proceeding.

■ The situation in Kessel is similar. Kessel filed his bankruptcy petition before he commenced this appeal. Whether or not the appeal is stayed depends on the characterization of the action as one against the debtor. The only judgment being appealed is the judgment of September 29 and that was totally in favor of Petersons on their counterclaim. This is clearly an action against the debtor at the initial proceeding and is consequently stayed by 11 U.S.C. § 362. With all due respect to the bankruptcy court, we believe the court mistakenly concluded that the action was not one against the debtor simply because Kessel was labeled "plaintiff" in the initial proceeding. Kessel was essentially a defendant in the counterclaim, on which Petersons prevailed. When the debtor is a defendant, the fact that the debtor wants to appeal is irrelevant. The action is stayed unless the bankruptcy court grants relief.

For the reasons stated above, the motion to dismiss is denied and the appeal is stayed pending further action by the bankruptcy court to eliminate any question of preemption of our jurisdiction to make a final disposition.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.