466 So.2d 489 (1985)
Joseph S. DI MAGGIO
v.
Philip M. BLACHE.
No. 84-CA-333.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Rehearing Denied April 17, 1985.
Patrick D. Breeden, New Orleans, for defendant-appellant.
Robert S. Taylerson, Metairie, for plaintiff-appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Judge.
The defendant mortgagor in this suit for executory process filed a petition to enjoin seizure and sale of the property, seeking damages for wrongful seizure. A temporary restraining order was granted; after a hearing, however, the district court rejected defendant's demands and dissolved the temporary restraining order. The defendant has appealed.
*490 The appellee filed a motion to dismiss the appeal in this court as untimely. We referred the motion to the merits. Because the timeliness of an appeal determines whether this court has jurisdiction, we address that issue first.
A list of the relevant proceedings in this matter follows:

03/16/83 Petition for executory process
03/18/83 Order for issuance of writ of seizure
 and sale
06/16/83 Notice of seizure issued
08/16/83 Petition for injunction; temporary
 restraining order issued
10/06/83 Judgment denying injunction;
 temporary restraining order
 dissolved
10/19/83 Petition for voluntary bankruptcy
 filed by Blache in U.S. Bankruptcy
 Court for Eastern District of
 Louisiana
02/24/84 Order of bankruptcy court
 authorizing employment of special
 counsel to assert claim for
 wrongful seizure in DiMaggio v.
 Blache, No. 278-988, 24th Judicial
 District Court for the Parish of
 Jefferson
03/01/84 Motion and order for devolutive
 appeal in DiMaggio v. Blache
05/01/84 DiMaggio's motion to dismiss appeal
 as not perfected within delay
 authorized by law

LSA-C.C.P. art. 3612 states, "An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment." The judgment denying the injunction was rendered on October 6, 1983; the order of appeal was signed on March 1, 1984. On the face of the pleadings, therefore, the appeal is untimely.
In explanation of the delay, Blache cites 11 U.S.C.A. Sec. 362, providing for an automatic stay in certain types of proceedings against a debtor who has filed a petition under the Bankruptcy Act. In addition, Blache cites 11 U.S.C.A. Sec. 108, which provides for an extension of time within which the trustee of the estate may commence an action or perform other actions to preserve the debtor's rights.
The pertinent portions of 11 U.S.C.A. Sec. 362 are as follows:
"(a) Except as provided in subsection (b) of this section, a petition filed under section 301 [voluntary], 302 [joint], or 303 [involuntary] of this title ... operates as a stay, applicable to all entities, of
(1) the commencement or continuation... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the case under this title ...;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
* * * * * *
(c) Except as provided in subsections (d), (e), and (f) of this section
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate..."
The pertinent portions of 11 U.S.C.A. Sec. 108 are:
"(a) If applicable law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of
(1) the end of such period, including any suspension of such period occurring *491 on or after the commencement of the case; and
(2) two years after the order for relief.
(b) Except as provided in subsection (a) of this section, if applicable law ... fixes a period within which the debtor... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
(2) 60 days after the order for relief."
In his memorandum in opposition to the motion to dismiss, Blache states, "Under 11 U.S.C. 362 there is [an] automatic stay by operation of law issued to all parties in all proceedings and therefore appellant could not have filed his motion for an appeal until he had the authority of the Bankruptcy Court to proceed. This law prohibits the commencement or continuation of a judicial proceeding."
Appellant is partially correct: Section 362, as is plain by its language, prohibits commencement or continuation of proceedings against the debtor or against the property of the estate (except for certain proceedings not relevant to this case). Thus the automatic stay is indeed effective to prevent DiMaggio from proceeding further in seizure and sale of the mortgaged property.
Here before us, however, are two separate claims in the same suit: one a proceeding by a creditor to seize and sell property subject to a privilege; the other (although filed in the same proceeding) a separate suit by the debtor to arrest that seizure and to obtain damages for wrongful seizure. Section 362 by its very language is applicable only to claims against the debtor, not to claims the debtor himself seeks to enforce. Accordingly the automatic stay provision had no effect insofar as the appeal of Blache's separate claim for damages for wrongful seizure.
With respect to the extension of time provided by Section 108, Blache states, "Under subsection (a) the period is 2 years after the order and under subsection (b) the period is 60 days after the order. The order in this case came down on February 24, 1984 and the motion for appeal was taken on March 1, 1984. Therefore appellant's action was within both periods."
Appellant is mistaken in his interpretation of "order"; Section 108 refers to "order for relief." The order issued by the bankruptcy court on February 24, 1984 was simply an order authorizing Blache to employ special counsel. The order for relief was issued on October 19, 1983, the day he filed his petition for reorganization under Chapter 11 of the Bankruptcy Act.
"A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." (Emphasis added.)
11 U.S.C.A. Sec. 301.
Thus, the time limit within which Blache was required to file his appeal from the dismissal of his petition (and thus, to obtain authorization for special counsel to pursue this matter) was 60 days after October 19, 1983, or December 19, 1983. 11 U.S.C.A. Sec. 108(b)(2). Accordingly, the appeal is untimely and we have no jurisdiction to consider it.[*]
For the foregoing reasons, therefore, the appeal is dismissed.
APPEAL DISMISSED.
NOTES
[*] (We note that his appeal would have been moot as to the injunction anyway, because the automatic stay has the effect of the requested injunction.)