**PRODUCTION CREDIT ASSOCIATION OF MINOT, Plaintiff and Appellee,**

v.

**Willard BURK and Celia Burk, Defendants and Appellants.**

Civ. No. 880022.

Supreme Court of North Dakota.

July 21, 1988.

---

Olson, Sturdevant & Burns, Minot, for plaintiff, appellee and movant; argued by Richard P. Olson.

Rosenberg & Espeseth, P.C., Bismarck, for defendants and appellants; argued by Ross H. Espeseth.

LEVINE, Justice.

Production Credit Association of Minot (PCA) moves to dismiss an appeal by Willard and Celia Burk from a district court judgment granting PCA foreclosure of a mortgage given by the Burks and dismissing the Burks' counterclaim for damages. We conclude that the automatic stay provisions of 11 U.S.C. § 362(a) do not toll the running of the time for filing a notice of appeal from a state court judgment after a bankruptcy petition has been filed and that the extension of time provisions of 11 U.S.C. 108(b)(2) govern the time for filing such a notice of appeal. Because the Burks did not file their notice of appeal within the applicable time limits, we grant PCA's motion to dismiss the appeal.

PCA sought foreclosure of a mortgage and promissory note given by the Burks for $510,027.07 plus accrued interest, and foreclosure of its security interest in certain personal property. The Burks counterclaimed for $975,100, alleging that PCA had breached a fiduciary duty, misrepresented facts, and maliciously rejected an FmHA loan guarantee. After a bench trial, the district court entered a judgment on January 15, 1987, granting PCA recovery on its complaint and dismissing the Burks' counterclaim. On February 6, 1987, PCA served the Burks with Notice of Entry of Judgment.

On February 9, 1987, the Burks filed a voluntary petition in bankruptcy for reorganization under the family farmer provisions of the Bankruptcy Code. 11 U.S.C.

§§ 1201 *et seq.* PCA, listed as a creditor on the Burks' bankruptcy schedules, filed a written proof of claim with the bankruptcy court for $714,446.95 plus accruing interest. The Burks prepared a reorganization plan which was confirmed effective September 29, 1987.

On January 21, 1988, almost one year after service of notice of entry of judgment, the Burks filed a notice of appeal from the North Dakota district court judgment. PCA then moved to dismiss the Burks' appeal.

The dispositive issue in this case is whether or not the Burks' appeal is timely. Resolution of the issue requires analysis of the relationship of Sections 108 and 362 of the Bankruptcy Code to each other and to state law.

■■■ Pursuant to Rule 4(a), N.D.R. App.P., a notice of appeal in a civil case shall be filed with the clerk of the trial court within sixty days of the date of the service of notice of entry of judgment or within an additional thirty days upon a showing of excusable neglect. The time for filing a notice of appeal under the North Dakota Rules of Appellate Procedure is mandatory and jurisdictional. *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851 (N.D.1976); *Cottle v. Kranz*, 231 N.W. 2d 777 (N.D.1975). If an appeal is not taken within the prescribed time, we are without power to do more than dismiss the appeal. *Cottle v. Kranz, supra.*

■■■ However, upon the filing of a petition for relief under the Bankruptcy Act, 11 U.S.C. § 362(a) imposes an automatic stay which prohibits "the commencement or continuation ... of a judicial ... action or proceeding against the debtor," the "enforcement" of a judgment obtained prior to bankruptcy, or any other "act" to obtain possession of property of the estate or to create, perfect, or enforce any lien against property of the estate. 11 U.S.C. § 362(a) does not, however, toll or stay the running of statutory time periods. *E.g. Johnson v.*

*First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984) [automatic stay does not toll or suspend running of one-year statutory redemption created by Minnesota law in connection with real estate mortgage foreclosures]; *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (Bankr.E.D.Mich.1981) [automatic stay does not override extension of time provision controlling period of time the trustee had to redeem debtor's property]. Instead, 11 U.S.C. § 108 addresses the running of statutory time periods and provides in pertinent part:

"(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

"(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

"(2) 60 days after the order for relief." [1]

In *Bank of Commonwealth v. Bevan, supra,* the bankruptcy court held that the automatic stay provisions of 11 U.S.C. § 362(a) do not override the extension of time provisions of 11 U.S.C. § 108(b). *See, e.g., Johnson v. First National Bank of Montevideo, supra.* The *Bevan* court gave the following rationale for its holding:

"While a stay tolling the running of the statutory period would give the debtor greater protection than that contemplated by § 108, this court finds that where one section of the Bankruptcy Code explicitly governs an issue, another

**1.** 11 U.S.C. § 301 provides in part:
"The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."

section should not be interpreted to cause an irreconcilable conflict.

\* \* \* \* \* \*

"An interpretation of § 362(a) as an indefinite stay of the statutory period of redemption would render § 108(b) superfluous. If § 362(a) automatically stays the running of the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are completely extraneous as statutory time periods designed to control the trustee's activity. Moreover, if § 362(a) is interpreted to provide for the automatic stay of time periods for an indefinite amount of time, then subsections (a) and (b) of § 108, which define minimum and maximum time periods for the trustee to act, directly conflict with § 362(a)." *Bank of Commonwealth v. Bevan, supra,* 13 B.R. at 994.

■ Although *Bevan* and *Johnson* involved the statutory period of redemption, 11 U.S.C. § 108(b)[2] includes any "applicable nonbankruptcy law" requiring the filing of "any pleading [or] notice" and includes the filing of a notice of appeal. *See DiMaggio v. Blache,* 466 So.2d 489 (La.Ct. App.1985). We therefore conclude that the extension of time provisions of 11 U.S.C. § 108(b) govern the time for the Burks to file their notice of appeal in this action.

■ The Burks' time for appeal had not expired before they petitioned for bankruptcy, and pursuant to 11 U.S.C. § 108(b), they had until "the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and (2) 60 days after the order for relief" to file their notice of appeal.

Under 11 U.S.C. § 108(b)(1) there was no suspension of the time period on or after the commencement of the case and the time for filing a notice of appeal expired sixty days after the notice of entry of judgment was served on February 6, 1987.

*See In re Martinson,* 731 F.2d 543 (8th Cir.1984). Under 11 U.S.C. § 108(b)(2), the time for filing a notice of appeal expired sixty days after the order for relief, that is, the petition for reorganization, was filed on February 9, 1987. The Burks filed their notice of appeal on January 21, 1988, and it was not timely under 11 U.S.C. § 108(b)(2).

Although both sides rely upon *Kessel v. Peterson,* 350 N.W.2d 603 (N.D.1984), that case is not controlling because there the debtor-appellant filed a notice of appeal within one week after he petitioned for bankruptcy and within sixty days after notice of entry of the state court judgment. The timeliness of the appeal was not an issue.

Because the Burks' appeal is not timely, we are without jurisdiction to hear this case, and accordingly, we dismiss their appeal.

ERICKSTAD, C.J., and VERNON R. PEDERSON and ILVEDSON, Surrogate Justices, concur.

PEDERSON and ILVEDSON, Surrogate Justices, sitting in place of GIERKE and MESCHKE, JJ., disqualified.

VANDEWALLE, Justice, concurring in result.

In *State v. Haakenson,* 213 N.W.2d 394, 399 (N.D.1973), Justice Vogel, writing for the majority, stated that "The touchstones hereafter for an effective appeal on any proper issue should be (1) that the matter has been appropriately raised in the trial court so that the trial court can intelligently rule on it, and (2) that there be a valid appeal from the judgment. *Any other traps for the unwary on the road to the appellate courthouse should be eliminated.*" [Emphasis supplied.] That statement appears to recognize that the perfecting of a valid appeal may be a "trap for the

---

**2.** Although 11 U.S.C. § 108(b) extends the time for a trustee to take certain actions, a debtor-in-possession under chapter 12 is entitled to those statutory privileges. 11 U.S.C. § 1203; *see Johnson v. First National Bank of Montevideo, supra;*

*In re Interstate Restaurant Systems, Inc.,* 26 B.R. 298 (Bankr.S.D.Fla.1982); *In re Santa Fe Development Etc.,* 16 B.R. 165 (Bankr. 9th Cir. BAP 1981).

unwary." If so, today's majority opinion is proof of the cogency of that statement.

I agree with the majority's analysis of the rather complicated issue of whether the automatic-stay provisions of 11 U.S.C. § 362(a) toll the running of the time for filing a notice of appeal from a State-court judgment after a bankruptcy petition has been filed and whether the extension-of-time provisions of 11 U.S.C. § 108(b)(2) govern the time for filing such a notice of appeal. Unfortunately for the Burks this is the first time that exposition has been made by this court or perhaps any other court.

In addition to requiring a construction of Federal bankruptcy law, this case is further complicated by the fact there is a counterclaim by the Burks at issue. PCA argued for dismissal of the appeal because the counterclaim is an action *by* the debtor rather than *against* the debtor and therefore was not stayed by the bankruptcy statutes. The matter is thus obfuscated by our decision in Kessel v. Peterson, 350 N.W.2d 603 (N.D.1984), but I do not understand that dichotomy to be the basis of the majority opinion.

If we could exercise an equitable jurisdiction I would favor permitting the Burks' appeal of the dismissal of their counterclaim to proceed. The majority opinion correctly notes that the time for filing the notice of appeal is mandatory and jurisdictional and as a result there is no valid appeal in this instance. I must therefore reluctantly concur in the result reached by the majority opinion.