**William W. BINEK, d/b/a Binek Law Office, Plaintiff and Appellee,**

v.

**Silver ZIEBARTH, Defendant and Appellant.**

Civ. No. 890317.

Supreme Court of North Dakota.

March 1, 1990.

Silver Ziebarth (argued), Scranton, for defendant and appellant. Pro se.

William W. Binek (argued), Bismarck, for plaintiff and appellee. Pro se.

ERICKSTAD, Chief Justice.

Silver Ziebarth appeals from an order issued by the District Court for Bowman County on July 7, 1989, denying his motion to vacate judgment. The appeal is stayed.

William Binek commenced an action against Silver Ziebarth to recover $22,-879.53 allegedly due in legal services. On September 2, 1987, the District Court for Bowman County entered an order for default judgment in favor of Binek and against Ziebarth. The district court issued an order for a hearing pursuant to Ziebarth's Rule 60(b), N.D.R.Civ.P., motion for relief from the default judgment. After partially granting that motion and after two continuances, a trial was scheduled for March 15, 1988. On January 13, 1988, Ziebarth filed a voluntary Chapter 11 bankruptcy petition which was dismissed by the United States Bankruptcy Court for the District of North Dakota on April 5, 1989. On July 7, 1989, the District Court for

Bowman County issued an order denying Ziebarth's June 19, 1989, Rule 3.2, N.D.R.O.C., motion to vacate the September 2, 1987, default judgment. The district court also vacated the earlier order of continuance which had stayed the enforcement of the default judgment.

Ziebarth filed an appeal of the April 5, 1989, dismissal of his bankruptcy petition and the bankruptcy court ordered a stay pending the appeal on July 13, 1989. On October 19, 1989, the United States District Court affirmed the bankruptcy court's order to dismiss. On October 28, 1989, Ziebarth appealed the October 19, 1989, bankruptcy dismissal to the United States Court of Appeals for the Eighth Circuit.[1]

On September 5, 1989, Ziebarth appealed to this Court from the July 7, 1989, order denying his motion to vacate the default judgment. On January 25, 1990, Ziebarth filed a motion with this Court for a stay of the appeal due to his filing of a Chapter 12 bankruptcy petition on December 22, 1989.

The automatic stay provisions of 11 U.S.C. § 362(a) prohibit the commencement or continuation of judicial, administrative, or other proceedings against the debtor that were or could have been commenced before the bankruptcy petition was filed. *Kessel v. Peterson*, 350 N.W.2d 603, 604 (N.D.1984). In *Kessel*, this Court adopted the view of the Third Circuit Court of Appeals that the automatic stay of 11 U.S.C. § 362 only stays proceedings against the debtor and that the statute does not address actions brought by the debtor which would benefit the bankruptcy estate. *See Association of St. Croix Condo. Owners v. St. Croix Hotel*, 682 F.2d 446 (3d Cir.1982). Binek contends that the proceeding involved in this appeal is an action by the debtor (Ziebarth) because Ziebarth has filed Rule 60(b), N.D.R.Civ.P., and Rule 3.2, N.D.R.O.C., motions. In determining whether or not the proceeding is an action by the debtor, we have said:

" 'In our view, section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.' ... [Emphasis in original.]"

*Kessel*, 350 N.W.2d at 604–05 (citing *Association of St. Croix Condo. Owners, supra* at 449). We believe that the critical focus should be on an examination of the debtor's status at the initial proceeding which, in this case, was an action to collect attorney's fees from the debtor and thus was obviously a proceeding against the debtor.

The order appealed from is an order which denied Ziebarth's motion to vacate the September 1, 1987, default judgment which was entered against him. It is immaterial that the debtor has attempted to utilize the procedural aspects of Rule 60(b), N.D.R.Civ.P., and Rule 3.2, N.D.R.O.C. This is clearly an action against the debtor at the initial proceeding and is consequently stayed by 11 U.S.C. § 362.

For the reasons stated above, the appeal is stayed pending further action by the bankruptcy court to eliminate any question of preemption of our jurisdiction to make a final disposition in the appeal to this Court. Ziebarth has requested in his oral argument in this Court, without supporting written motion, affidavit, and brief, costs in conjunction with his appearance and oral argument. Under all of the circumstances of this case, that request is denied. Costs will be awarded to neither party.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

1. At the time of this appeal, Ziebarth's Chapter 11 appeal to the United States Court of Appeals for the Eighth Circuit is still pending.