This is a suit by a materialman against the building contractors and the owner of a certain piece of property bearing the municipal No. 5315 S. Liberty Street in the City of New Orleans, claiming $185.59.
The contractors, C.W.M. Construction Company, Inc., and Charles W. Mabry, made no defense, averring that the amount was due by Joseph Nolan Maurin.
Maurin denied liability on the ground that the plaintiff had failed to comply with Section 12 of Act No. 298 of 1926, as amended by Act No. 323 of 1938 (the Building Lien Statute), in that the claim was not recorded in the mortgage office within sixty days after the date of the last delivery of material as required by the statute.
There was judgment below in plaintiff's favor as prayed for against all defendants with recognition of a materialman's lien and privilege against Maurin's property. Maurin alone has appealed.
We discussed the pertinent section of the building lien law in the case of Markel v. Walker, 4 So.2d 448, and held that no personal judgment could be obtained against the owner by a materialman who had failed to record his lien "within sixty days after the date of the last delivery of all material upon said property".
It is conceded that no written contract was entered into and none recorded in the mortgage office and that the last item of material making up the account sued on was delivered not later than September 27th, 1940, and that the affidavit supporting plaintiff's claim was not filed in the mortgage office until December 16, 1940, about eighty days later. It is plain, therefore, that the plaintiff cannot recover as against Maurin, the owner of the building.
For the reasons assigned the judgment appealed from is reversed insofar as it runs against Joseph Nolan Maurin and his property and it is now ordered that there be judgment in favor of Joseph Nolan Maurin dismissing plaintiff's suit at his cost. In all other respects the judgment appealed from is affirmed.
Affirmed in part.
Reversed in part. *Page 769