Oscar Bart, a contractor, alleges that defendant is indebted to him in the sum of $300 as the amount due for the performance of a written contract to install certain tiles on the walls and sink of his kitchen. He prays for personal judgment against Conforto and for recognition of his lien upon the property, No. 2522-24 Ursuline Avenue in New Orleans, belonging to the said Conforto.
Defendant filed a plea of prematurity based on the alleged fact "that the plaintiff has not completed and has refused to complete the work entered into with defendant." At the same time defendant also filed an answer in which he admitted that the contract had been entered into but in which he denied that the work had been properly done. In a reconventional demand he alleged that the tiles which were to be installed had not been installed but that the plaintiff had substituted other tiles of various shades and colors which were entirely unsatisfactory. He also alleges that he would be required to remove the unsatisfactory tiles and to replace them at a cost of $829.40, half of which he would be required to expend in purchasing tiles and the other half in payment for the necessary labor. In this reconventional demand, the said Conforto prayed for judgment against plaintiff, Bart, in the sum of $829.40.
In the First City Court for the City of New Orleans judgment was rendered on February 21, 1947, in favor of plaintiff, as prayed for and the reconventional demand was dismissed. The lien prayed for by plaintiff was also recognized.
On the 24th day of February, 1947, before the judgment had been signed, defendant filed a plea of prescription contending that the demands of plaintiff "are prescribed and perempted for the reason that the said lien and privilege was not recorded within sixty (60) days after August 24, 1946, in conformity with the provisions of Acts 1926, No. 298, Section 12 and Acts 1938, No. 323, Section 1, of the Legislature of Louisiana, and plaintiff is not entitled to a personal judgment against defendant, and exceptor especially pleads this prescription and peremption in bar of judgment herein."
The judgment was signed in due course on the 27th day of February, 1947, and defendant and plaintiff in reconvention, Conforto, has appealed and, in this court, has again filed the same plea of prescription.
In the argument in this court and in the brief, counsel gave little time or attention to the merits of the case and addressed *Page 886 
themselves almost entirely to the plea of prescription.
[1] Counsel for defendant takes the position that since the original contract was not recorded, and since plaintiff did not record his lien until more than sixty days after the completion of the work, he has lost his right to assert the lien, and counsel argues that under our applicable statute a contractor who fails to record his lien within the sixty days following the completion of the work not only loses his right to a lien but also loses the right to obtain a personal judgment against the owner with whom the contract was made and for whom the work was executed.
The applicable statute, counsel agree, is Act No. 323 of 1938, which amends Section 12 of Act No. 298 of 1926. It is true that that statute provides that if a lien is to be claimed there must be a recordation in the office of the Recorder of Mortgages within sixty days after "the last performance of all services or labor" etc. But there is nothing whatever in that statute which in any way provides that the personal claim which the contractor may have against the owner as a result of carrying out the provisions of the contract shall be destroyed by his failure to record his lien. On the contrary, the statute particularly contains the following provision: "* * * that this shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him * * *."
Counsel for defendant in his brief cites two cases which he insists uphold his contention that all claim is lost by the contractor who has not recorded his lien within sixty days of the completion of the work. These cases are: Market v. C. W. M. Construction Co. et al., La. App., 6 So.2d 768; Hicks v. Tate, N. O. Nelson Co. v. Tate, La. App., 7 So.2d 737. Each of those cases, however, involves the question of a claim by a material man and not a claim by a contractor. It is very obvious that where a furnisher of materials who sells them to the contractor desires to maintain his right against the owner, he may do so only by recording his lien in accordance with the provisions of the statute.
Antoine v. Franichevich, 184 La. 612, 167 So. 98, is authority for the view of the plaintiff that the right of the contractor to a personal claim against the owner does not depend on whether he has recorded his claim in the Mortgage Office within the time prescribed by the statute.
Plaintiff concedes that he is not entitled to a lien because he did not record his claim within the time prescribed and therefore, of course, to that extent, the judgment will have to be amended.
[2] When we come to consider the merits of the controversy, we find practically nothing to support the contention of the defendant. The contract provides for a payment of $500 with an allowance of $25 for tiles furnished by the owner and with a further allowance of $175 for tiles to be purchased. The tiles were purchased and paid for by the owner and were selected by his son-in-law at his request. The contention of defendant is that although the proper tiles were furnished they were not installed by the plaintiff but that he substituted other tiles of different shades. The evidence is, we think, overwhelmingly in favor of plaintiff on this point.
The record shows that the work was done in accordance with the contract, and we are convinced from the evidence that the tiles selected by defendant's son-in-law were used. Accordingly, payment is due.
However the judgment must be amended so as to deny to plaintiff the lien prayed for by him and recognized in the judgment appealed from.
The judgment is amended to the extent that the lien prayed for is denied. In all other respects, the judgment appealed from is affirmed; plaintiff, appellee, to pay costs of appeal, defendant, appellant, to pay all other costs.
Amended and affirmed. *Page 887