506 So.2d 198 (1987)
Blanche Pearson JOSEPH
v.
Melbourne E. JOSEPH, Jr.
Nos. 86-CA-701, 86-CA-702.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*199 Frederick R. Campbell, Lisa J. Miley, McGlinchey, Stafford, Mintz, Cellini & Lang (A Professional Law Corp.), New Orleans, for plaintiff-appellant, Blanche Pearson Joseph.
Keith R. Credo, Washofsky, Angelico & Credo, A Law Corp., New Orleans, for defendant-appellee, Melbourne E. Joseph, Jr.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Judge.
This is an appeal by the wife from a judgment in a partition proceeding initiated by the wife, decreeing as an asset of the community a four-plex claimed by the husband as community and by the wife as her separate property. Having noted the judgment did not homologate a partition, on our own motion we issued an order to the parties to show cause why the appeal should not be dismissed. Both litigants responded by urging us to maintain the appeal under the authority of Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18 (1951). For the reasons hereinafter stated, we dismiss the appeal.
In March of 1984, some ten years after a final divorce, the wife filed (in the divorce proceeding) a petition to partition community property and pursuant to the provisions of LSA-R.S. 9:2801(1) attached a list of assets, liabilities and reimbursable claims. The wife's list categorized the property in question as her separate property and indicated her separate property owed the community for mortgage payments on the property made during the existence of the community regime, i.e., October 20, 1974 to December 4, 1974.[1] The husband filed both a motion to traverse the wife's descriptive list and a descriptive list of his own, claiming the property as a community asset valued at $150,000.00 and demanding an accounting from the wife for $146,900.00 in rental income from the property.
On April 21, 1986 a hearing was held on the motion to traverse only. The trial judge found the property was community property. A hearing (1) to set the value of the property, (2) establish the claims, or (3) render an accounting has yet to be held. All are necessary to and have to precede the rendition of a final judgment homologating a partition of the community.
In response to our request for briefs on the dismissal issue, the wife contends the judgment was appealable and cited the Supreme Court's decision in Oliphint v. Oliphint, supra, which was followed by Bynacker v. McMichael, 194 So.2d 335 (4th Cir.1967) as her authority. In essence, counsel for the husband adopted the same position as the wife. We find the cited cases are distinguishable from the present case and hence dismiss the appeal.
In Oliphint, the plaintiff appealed a judgment rejecting her rule for an ascertainment of the community assets and for a complete accounting of all property, including assets allegedly concealed by the defendant. *200 In concluding the judgment in Oliphint was an appealable judgment the court found the accounting had been rendered and thus was a final judgment because it disposed of the real controversy in the case.
In the present case the wife admits that the judgment appealed from did not dispose of all issues raised in the partition proceedings, but contends it determined the merits of the dispute in part in that the four-plex was characterized as community property. We note here that a value has not yet been fixed for the property, nor has there been an accounting for the rents and mortgage payments, all of which must be accomplished before a final decree on the controversy can be rendered. Thus, it is foreseeable that the controversies involved in the accounting will result in future appeals.
In Lee v. Lee, 375 So.2d 769 (4th Cir. 1979) the court noted that the right to appeal a "partial final judgment" represents a recent procedural change and is expressly limited to the situations enumerated in La.C.C.P. art. 1915.[2] The court concluded that where the sole object of litigation is complete settlement of the community a party should neither be allowed nor required to take separate appeals from each ruling on individual items of community property, and therefore a judgment classifying property is unappealable as the judgment is not of the type enumerated in La.C.C.P. art. 1915 and is reviewable upon appeal from the judgment homologating the community.
We likewise conclude that a judgment which merely classifies the status of the property without addressing an accounting or value which is at the heart of the controversy is not an appealable judgment. Accordingly, the appeal is dismissed and the case remanded for further proceedings. Appellee requests damages for a frivolous appeal, as authorized by La.C. C.P. art. 2164. However, such damages are awarded only when it appears that the appeal was taken solely for the purpose of delay or that counsel for the appellant does not seriously believe the legal positions set forth. Fouchi v. Fouchi, 442 So.2d 506 (5th Cir.1983) writ denied 445 So.2d 1235 (La.1984). Such is not the case on the present appeal. Appellant is to pay all costs of the appeal.
DISMISSED AND REMANDED.
NOTES
[1] No other assets were listed as the parties had apparently previously divided the other property.
[2] The article, which apparently is intended to correct the perceived omission discussed in Oliphint provides:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.