512 So.2d 1230 (1987)
Theresa Helm, Wife of William Ernest WALKER, Jr.
v.
William Ernest WALKER, Jr.
No. 87-CA-272.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 1987.
Writ Denied November 20, 1987.
*1231 Pilie, Pilié and Landry, M. Arnaud Pilié, New Orleans, for defendant-appellant.
Theresa Helm Walker, in pro. per.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
CHEHARDY, Chief Judge.
This appeal arises from community property partition proceedings. On our own motion, we ordered the appellant to show cause why his appeal should not be dismissed, because our examination of the record indicated the judgment was a nonappealable interlocutory judgment. For the reasons assigned below, we dismiss the appeal.
Theresa Helm Walker and William Ernest Walker Jr. were divorced on June 15, 1984. On March 15, 1985, Mrs. Walker filed a petition to partition the community property. She attached to her petition a sworn descriptive list, as required by LSA-R.S. 9:2801, in which she listed the items she claimed were community property. In response, Mr. Walker filed a rule to traverse the sworn descriptive list, asserting that Mrs. Walker had included on the list items that were his separate property. (Mr. Walker failed to file a sworn descriptive list on his own behalf, despite the requirement of R.S. 9:2801.)
On November 24, 1986, the district court rendered judgment on the rule to traverse, holding that certain immovable property was community property and awarding Mrs. Walker a sum of money in reimbursement for monies expended by her separate estate on behalf of the community. From that judgment Mr. Walker took this appeal.
R.S. 9:2801 establishes the specific procedure to be used in judicial partitions of community property. The statute requires that both parties file sworn detailed descriptive lists and that each party either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained on the lists. The statute provides further that at trial of the traverses, the court shall determine community assets and liabilities, but states that valuation of assets shall be determined at the trial on the merits.
Following classification of assets as community or separate, appraisal of community assets if necessary, settlement of the claims of the parties, and allocation of assets and liabilities to the parties, R.S. 9:2801(4) mandates the court to partition the community in a specific way:
"(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. * * *
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset * * *.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. * * *."
The judgment here failed to dispose of all issues raised by Mrs. Walker's petition for partition, to set the value of the community property, or to allocate all assets and liabilities between the parties. A judgment which merely classifies the status of the property without addressing an accounting or value which is at the heart of the controversy is not an appealable judgment. Joseph v. Joseph, 506 So.2d 198 (La.App. 5 Cir.1987).
Mr. Walker asserts this judgment is appealable under LSA-C.C.P. art. 1915 as a partial final judgment. We find no merit to that claim. As this Court stated in the Joseph case, supra, the right to appeal a "partial final judgment" is a recent procedural change and is expressly limited to the *1232 situations enumerated in C.C.P. art. 1915. A judgment classifying property in a community property partition is not among the types listed in that article; further, it is reviewable upon appeal from the final judgment homologating the partition.
To permit appeal of a traversal judgment as a final judgment would encourage piecemeal appeals and prohibit expeditious disposition of community property cases. See Lee v. Lee, 375 So.2d 769 (La.App. 4 Cir. 1979).
For the foregoing reasons, the appeal is dismissed and the case is remanded for further proceedings. Costs are assessed against the appellant.
APPEAL DISMISSED, CASE REMANDED.