WICKER, Judge.
Both Elizabeth Rabai and John Rabai have appealed the trial court’s judgment of March 8, 1988. Although this judgment contains several rulings, the only rulings complained of by both parties relate to decrees by the court classifying the status of certain property. These rulings are:
7. This Court has examined the sequence of Mr. Rabai’s separate property argument closely, and a great deal of weight is assigned to the fact that some 42 months has expired since the earliest purchase of property claimed by the Defendant to be his separate funds. Louisiana law contemplates that when separate funds are commingled with the community to the extent that they are no longer capable of identification, they must be regarded as community funds or assets. I rely in part on jurisprudence contained in Abunza v. Olivier, 88 So.2d 815; Slater v. Culpepper, [233 La. 1071], 99 So.2d 348 and Giamanco v. Giamanco, 131 So.2d 159. Thus, all stock described, Money Market Funds and All Savings accounts are found to be community property.
8. The Grand Prix Automobile, Sears Router & Bits and 17 Krugerrands are found to be the separate property of John Rabai; Further, the plaintiff shall reimburse the Defendant 50% of the amount she obtained from the trade-in of the pick-up truck which was community property.
The parties were divorced on July 30, 1987. Elizabeth Rabai filed a petition for partition April 13, 1987 while a previous suit for separation was pending. On June 5, 1987 John Rabai filed a sworn descriptive list.
A rule to either traverse or concur in the listing of the parties’ descriptive list was originally set for June 19, 1987. This matter was reset on four occasions. It was finally heard on February 2,1988. On July 30, 1987 Elizabeth Rabai filed her sworn descriptive list.
*814 On March 8,1988 the trial court rendered judgment on the rule to traverse. It is from this judgment that both parties appeal.
On our own motion we ordered both parties to show cause why their appeals should not be dismissed and the matter remanded for further proceedings as the judgment was a nonappealable interlocutory one. We received no response.
This judgment, like the case of Walker v. Walker, 512 So.2d 1230 (La.App. 5th Cir.1987), writ denied 514 So.2d 1178 (La.1987) fails “to dispose of all issues raised by [Mrs. Rabai’s] petition for partition, to set the value of the community property, or to allocate all assets and liabilities between the parties.” Id. at 1231.
Such “[a] judgment which merely classifies the status of the property without addressing an accounting or value which is at the heart of the controversy is not an ap-pealable judgment. Joseph v. Joseph, 506 So.2d 198 (La.App. 5th Cir.1987).” Walker, supra at 1231.
Moreover, the judgment in the instant case does not fall into those situations enumerated in La.C.C.P. Art. 1915 allowing the right to appeal certain partial final judgments. Walker, supra.
Accordingly, the appeals are dismissed and the case is remanded for further proceedings. Both appellants are to pay costs.
APPEAL DISMISSED, CASE REMANDED.