KLIEBERT, Judge.
Fleming Asphalt Company, Inc., plaintiff-appellant, filed suit for recovery of unpaid change orders and retainage totalling $74,055.77, allegedly due under a subcontract it entered into with Red Stick Construction Company, Inc. Made defendants were Red Stick Construction Company, Inc., general contractor; National Super Markets, Inc., owner; and National Tea Company, Inc., parent company of the owner (hereinafter jointly National). National filed an answer denying any indebtedness and incorporating therein exceptions of no right of action and no cause of action. Subsequently, National filed a motion for summary judgment. The motion was granted by the trial court, thus dismissing Fleming’s suit. Fleming perfected a sus-pensive appeal. National answered the appeal. It contends the appeal is frivolous, and prays for damages and attorney fees. We affirm the trial court but deny the claim for damages and attorney fees.
On October 21, 1985 National Super Markets, Inc., as the owner, and Red Stick, as the general contractor, entered into a standard form of American Institute of Architect’s Building Contract for the construction of a “Superstore” in Jefferson Parish. The contract did not provide for a performance or lien bond. Subsequently, on November 25, 1985, Red Stick, as the general contractor, entered into a subcontract with Fleming.
The building was completed, accepted by the owner, and opened to the general public in October 1986. The owner paid Red Stick the balance due on the contract. However, Red Stick did not pay Fleming the remainder owed under the subcontract.
Fleming filed this suit in November 1988. The petition contains vague allegations asserting liability against National because “it did not require the general contractor to have the customary necessary statutory bond.” He cites Bart v. Conforto, 30 So.2d 885 (Orleans App.1947) to support his contention and quotes from page 886 of the opinion the following:
*146 “The applicable statute, counsel agree, in Act No. 323 of 1938, which amends Section 12 of Act No. 298 of 1926. It is true that statute provides that if a lien is to be claimed there must be a recordation in the office of the Recorder of Mortgages within sixty days after ‘the last performance of all services or labor’, etc. But there is nothing whatever in that statute which in any way provides that the personal claim which the contractor may have against the owner as a result of carrying out the provisions of the contract shall be destroyed by his failure to record his lien. On the contrary, the statute particularly contains the following provisions: ‘... that this shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him’ ...”
Although counsel admits in brief that Fleming “did not file a lien on the property within the required statutory period to protect its privilege,” he argues that “if the owner stands as surety and the subcontractor does not file within the statutory period, then the subcontractor loses only his privilege against the property or an action in rem, but does not lose his right to institute litigation against the owner as surety of the general contractor.”
As pointed out by counsel for National, under the provisions of Civil Code Articles 3038 and 3035, suretyship is a contract which must be expressed in writing. Since Fleming neither alleged nor filed affidavits establishing the existence of a written contract of suretyship, his argument for recovery under a theory of suretyship is without merit. Moreover, under the present Public 'Works Act, the owner who has not required a bond becomes liable only to the unpaid subcontractor, etc., who timely perfect their statutory claim and privilege under the Act.[1]'
As previously stated, counsel for Fleming cites the Bart, case, supra, and various other cases to support his position. All of the cases predate the present Public Works Act. Further, the Bart case is distinguishable from the case involved here on its facts. In Bart the suit was between a plaintiff-general contractor and the defendant-owner. Hence, unlike the ease here, there was privity of contract between the contractor and the owner. Although there was a question as to the timely filing of the lien pursuant to the 1926 statute, the court held this was immaterial because the lien preservation requirement of the statute could not interfere with the owner’s personal liability to the contractor for the work performed under the contract. Pure and simple, the Bart case is not applicable in the case at bar because there is no privity of contract between Fleming and *147 National. In each of the other cases cited by Fleming’s counsel, the cases are distinguished from the case here because in each of the cited cases the plaintiff had timely filed his claim in the mortgage office.
A trial judge may grant a motion for summary judgment if there are no genuine issues of material fact in dispute and movers are entitled to judgment of dismissal as a matter of law. Code of Civil Procedure Article 966. Further, summary judgment must be granted when reasonable minds must inevitably conclude the mover is entitled to a summary judgment on the facts. Kinney v. Hutchison, 449 So.2d 696 (5th Cir.1984).
Fleming has produced no countervailing evidence to that presented by National in support of its motion, and merely argues that the unsupported allegations in its petition and brief show the existence of a contract of surety. Thus, it has failed to carry its burden of showing the existence of a genuine issue of fact for trial. Further, since Fleming’s counsel admits Fleming did not timely act to preserve its claim against National under the Public Works Act, and merely contends that National is liable because it failed to require a performance and lien bond of the general contractor, but cites no authority for, nor urges any theory upon which it could recover, we cannot say the trial judge erred in granting the motion for summary judgment.
We next consider National’s claim for damages and attorney fees for a frivolous appeal as authorized by Code of Civil Procedure Article 2164.
Damages for a frivolous appeal are awarded only when it appears that the appeal was taken for purposes of delay or that counsel for the appellant does not seriously believe the legal positions set forth. Joseph v. Joseph, 506 So.2d 198 (5th Cir.1987); Fouchi v. Fouchi, 442 So.2d 506 (5th Cir.1983) writ denied, 445 So.2d 1235 (La.1984).
After a careful review of the record, we cannot say the appeal was taken for delay or that counsel for Fleming did not believe the position argued. The mere fact we rejected the arguments does not establish that the appeal was frivolous. Moreover, appeals are favored in the law. Gulf State Utilities Co. v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (1965) on remand, 185 So.2d 313. Accordingly, we deny the claim for damages for a frivolous appeal. Appellant to pay all costs.
AFFIRMED IN PART; DENIED IN PART.

. The appropriate avenue for the subcontractor to have realized the relief he now urges is found in the Private Works Act, which states in pertinent part as follows:
"§ 4802. Improvement of immovable by contractor; claims against the owner and contractor; privileges securing the improvement
A. The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract:
(1) Subcontractors, for the price of their work.”
"§ 4822. Preservation of claims and privileges
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:
******
(2) The substantial completion or abandonment of the work, if a notice of termination is not filed."
“§ 4823. Extinguishment of claims and privileges
A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if:
(1) The claimant or holder of the privilege does not preserve it as required by R.S. 9:4822; or
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it; or ..."