PER CURIAM.
These parties were divorced July 30, 1987. The judgment on appeal is a judgment rendered June 13, 1989 partitioning the community.
Both parties have appealed the judgment of June 13, 1989. The judgment recites that a “partial judgment” was rendered May 22, 1989 determining custody which would remain in effect. However, neither party appealed the earlier judgment of custody.
On December 19, 1989 counsel for Elizabeth Rabai filed a “motion to stay all proceedings.” Attached to the motion was a copy of a restraining order dated September 11, 1989 by U.S. Bankruptcy Judge T.M. Brahney, III. The order grants relief to the debtor, John Rabai. It recognizes the automatic stay provision of 11 U.S.C. Section 362.
John Rabai, the debtor, has filed an opposition to our staying the proceedings. He argues that the stay does not apply to actions filed on the debtor’s behalf but only *1300 to those actions filed against him. We disagree.
On April 13, 1987 John Rabai filed a petition for partition. On June 5, 1987 he filed a sworn descriptive list describing certain assets as community property and seeking reimbursement for the payment of community obligations with his separate funds.
On July 30, 1987 Elizabeth Rabai filed a sworn descriptive list itemizing certain assets as community property and controverting John Rabai’s claim for reimbursement.
John Rabai traversed certain .items as community items stating these were his separate property. He also traversed some of the valuations and declared one debt to be Elizabeth Rabai’s separate debt.
These matters were partially heard on February 2, 1988 and the trial judge declared certain property to be community property and others to be John Rabai’s separate property. The trial judge further recognized reimbursement owed to John Rabai from Elizabeth Rabai from the sale of a community asset. The judgment was rendered March 8, 1988. On April 18, 1988 John Rabai filed a supplemental and amended sworn descriptive list.
Both parties appealed the March judgment. The only rulings complained of on appeal were those rulings classifying the status of certain property.
In Rabai v. Rabai, 537 So.2d 813, 814 (La.App. 5th Cir.1989) we dismissed the appeals and remanded for further proceedings since the judgment was not an appeal-able one or subject to the provisions of La.C.Civ.P. art. 1915 regarding the appeal of certain partial final judgments. See Walker v. Walker, 512 So.2d 1230 (La.App. 5th Cir.1987), writ denied 514 So.2d 1178 (La.1987); Joseph v. Joseph, 506 So.2d 198 (La.App. 5th Cir.1987).
Prior to our disposition in Rabai, supra, Elizabeth Rabai filed a petition to partition the community property.
On June 14,1989 the trial judge rendered a judgment partitioning the community. Both parties appealed.
11 U.S.C. Section 362 provides:
Automatic stay
(а) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78 eee(a)(3)), operates as a stay, applicable to all entities, of—
(1) the commencement ‘or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(б) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
The judgments determining reimbursement to John Rabai, declaring certain property to be separate property and partitioning the community assets comes within the provisions of 11 U.S.C. Section 362 for the following reasons.
In Assoc. of St. Croix Condo. Owners v. St. Croix Hotel, 682 F.2d 446, 448-49 (5th Cir.1982) the court noted:
*1301 Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.
While not directly on point, nevertheless we agree with the principle enunciated in Assoc. of St. Croix Condo. Owners, supra at 449. In that case the debtor through its appeal was “ostensibly seekpng] to preserve assets for the bankruptcy estate” while at the same time a cross-appeal had also been taken which would “in effect [d]ivest the estate of those assets.”
A similar situation occurs in this case. Rulings from this court could conceivably have the effect of both divesting and preserving assets for the bankruptcy estate.
The Assoc. of St. Croix Condo. Owners court recognized the automatic stay of both parties’ appeals arising out of an eviction proceeding brought against the debtor.
It would be inequitable in these circumstances to stay Elizabeth Rabai’s appeal and to allow John Rabai to go forward with his appeal. Any decision by this court on John Rabai’s appeal would necessarily touch upon Elizabeth Rabai’s appeal. His appeal cannot be considered in isolation. Both parties have sought to partition the community.
Counsel for John Rabai argues our decision in DiMaggio v. Blache, 466 So.2d 489 (La.App. 5th Cir.1985) requires this court to allow his appeal to go forward. However, DiMaggio is distinguishable on its facts since that case did not involve a dispute between former spouses regarding a partition of community property. Similarly, the third circuit case of Scarborough v. Duke, 532 So.2d 361 (La.App. 3rd Cir.1988), also cited by counsel, in opposition to the stay did not involve former spouses seeking a partition of community property.
Accordingly, for the reasons stated, the present appeals are subject to the automatic stay imposed by 11 U.S.C. Section 362. We therefore enter an order staying the present appeals in this court.
ORDER
ACCORDINGLY, WE RECOGNIZE the stay order pursuant to 11 U.S.C. Section 362 as it applies to the appeals taken by John Rabai and Elizabeth Rabai from the judgments of March 8, 1988 and June 14, 1989 and take no further action until authorized to do so by the Bankruptcy Court.
IT IS ORDERED that the stay of these proceedings is without prejudice to the rights of the parties to apply to the Bankruptcy Court for relief from the provisions of 11 U.S.C. Section 362 as provided for by 11 U.S.C. § 362(d), (e), (f), and (g).
IT IS FURTHER ORDERED that the Clerk of this court is directed to transmit a certified copy of this Per curiam and order to T.M. Brahney, III, United States Bankruptcy Judge, United States Bankruptcy Court, United States Courthouse, 500 Camp Street, New Orleans, Louisiana 70130.
11 U.S.C. Section 362 AUTOMATIC STAY RECOGNIZED