I .WILLIAMS, Judge.
The defendant, Charles E. Reynolds, appeals the trial court’s judgment on defendant’s motion to traverse the detailed descriptive list filed in this domestic litigation by the plaintiff, Sue Reynolds. In the judgment, the trial court identified the community assets and liabilities of the parties, and assigned monetary values to them. The trial court also found that a. house claimed by Charles Reynolds on his detailed descriptive list was not community property, but was the separate immovable property of a third party, Willie Rigsby. The defendant now appeals. For the reasons set forth below, we dismiss this appeal and remand the case for further proceedings in the trial court.
FACTS
Sue Reynolds and Charles E. Reynolds were married on August 14, 1993 in Caddo Parish, Louisiana. On May 7, 1996, the plaintiff filed for a divorce pursuant to LSA-C.C. art. 103. A judgment of divorce was rendered in an uncontested proceeding on September 9,1997.
On September 28, 1998, the plaintiff filed a petition for partition of community property and requested that the defendant file a detailed descriptive list. The defendant filed a detailed descriptive list in October 1998. In November 1998, the defendant filed a motion to traverse the plaintiffs detailed descriptive list alleging that: (1) the valuations plaintiff placed on community property were incorrect; (2) the house included on plaintiffs list was not the separate property of her father, Willie Rigsby; (3) the 1978 Honda automobile included on plaintiffs list should not be decreed to be community property; and (4) the community debts included on the plaintiffs list should not be accepted because they were the plaintiffs separate debts. In December 1998, the defendant filed an exception of prescription alleging that the claim for the alleged community debt owed to Willie Rigsby for the costs of moving the community dwelling house to land purchased Lby the parties should be dismissed pursuant to LSA-C.C. art. 3494(3), which sets forth a three-year prescriptive period for an action recovering money lent.
After a trial on the exception of prescription and the motion for traversal, the trial court denied the defendant’s exception of prescription. The trial court also rendered a judgment: (1) listing the items of community property and a valuation of each item; (2) listing a community debt owed to Willie Rigsby in the amount of $2,400, the amount he allegedly paid for the land where the parties relocated their house; and (3) finding that the house claimed by the defendant on his detailed descriptive list was owned by Willie Rigs-by. The defendant appeals.
DISCUSSION
The provisions of LSA-R.S. 9:2801 set forth the procedure through which community property is partitioned. The provisions of the statute apply when the spouses are unable to agree on a partition of community property. The statute calls for each party to file a sworn detailed descriptive list of all community property, the fair market value and location of each asset *297 and all community liabilities. Within sixty days of the date of service of the last filed detailed descriptive list, each party is required to either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. At the trial of such traverses, the court must determine the community assets and liabilities, and the valuation of assets is to be determined at the trial on the merits. However, the court, in its discretion, may by ordinary procedure try to determine at one hearing, all of the issues, including those raised in the traverses. Ultimately, the court partitions the community property in accordance with rules set forth in the statute.
LSA-C.C.P. art. 1915(A) sets forth an exclusive list of partial final judgments which are immediately appealable. Under Article 1915(B), appeals of partial judgments not included in Article 1915(A) are allowed when the trial court |3designates the partial judgment as a final judgment after an express determination that there is no just reason for delay. In the absence of such certification, any order or decision that adjudicates fewer than all claims, or the rights and liabilities of fewer than 'all the parties, shall not terminate the action as to any of the claims or parties, and shall not constitute a final judgment for the purposes of an immediate appeal.
A judgment that merely classifies the status of the property without addressing an accounting or value which is at the heart of the controversy is not an appeal-able judgment. Walker v. Walker, 512 So.2d 1230 (La.App. 5th Cir.1987), writ denied, 514 So.2d 1178 (La.1987); Rabai v. Rabai, 537 So.2d 813 (La.App. 5th Cir. 1989); Estrada v. Estrada, 544 So.2d 551 (La.App. 5th Cir.1989). Such a judgment is not appealable, but could be reviewed upon an appeal from the final judgment homolo-gating the partition. To permit the appeal of a traversal judgment as a final judgment would encourage piecemeal appeals and prohibit expeditious disposition of community property cases.
In the instant case, the judgment arose from proceedings to partition community property. In the judgment, the trial court listed a community debt in the amount of $2,400. However, the judgment does not resolve all issues in the partition. Most importantly, the judgment does not actually divide the community assets and liabilities between the parties. Such a judgment is a partial final judgment, and the judgment is not included on the exclusive list in Article 1915(A). Instead, it is a partial judgment that falls under the provisions of Article 1915(B) and is not appeal-able unless designated as a final judgment by the trial court after an express determination that there is no just reason for delay. No such determination and designation (certification) is present in this case. Therefore, the judgment does not constitute a final judgment for the purpose of an immediate appeal.
I ¿CONCLUSION
Accordingly, we hereby dismiss this appeal and remand the case to the trial court for further proceedings. See, Succession of Grimmett, 31,975 (La.App.2d Cir.3/5/99), 738 So.2d 27. Costs of this appeal are assessed to the defendant, Charles E. Reynolds.
DISMISSED AND REMANDED.