836 So.2d 552 (2002)
JEFFERSON DOOR COMPANY, INC.
v.
FORMAN CONSTRUCTION, INC. a/k/a H. Forman Construction, Inc., James G. Chauvin, and Stefanie Faulkner Gallagher, Wife of/and Daniel J. Gallagher.
No. 02-CA-941.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
*553 Steven K. Faulkner, Jr., Harahan, LA, for Defendants-Appellants, Stefanie F. Gallagher and Daniel J. Gallagher.
Roy M. Bowes, Mark A. Moeller, Gretna, LA, for Plaintiff-Appellee, Jefferson Door Company, Inc.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
This is a suit to enforce a material supplier's lien against the defendants' property. Defendants have appealed a judgment in favor of the plaintiff. We affirm.
We adopt the statement of facts and conclusion of law from the trial court's reasons for judgment, which were incorporated into the judgment:
This matter came before the Court... on the petition of Jefferson Door Company, Inc. against Defendants, Stefanie Faulkner, wife of/and Daniel J. Gallagher to enforce a lien against the residence owned by said Defendants.
* * *
The record supports that Defendants hired Forman Construction, Inc. a/k/a H. Forman Construction, Inc. as the general contractor to construct their principal residence in which they now reside at # 12 Colony Road, Gretna, Louisiana. Plaintiff furnished materials to Forman under a credit application with personal guaranty signed by James G. Chauvin. The materials are incorporated into the Gallagher residence and Forman has failed to pay the principal amount due of $61,274.75, plus related charges. Forman and Chauvin filed for protection of Federal bankruptcy laws and thus, the Court granted right to plaintiff to sever its claim against the Defendant Gallaghers.
There is no dispute but that the lien of Jefferson Door against the Gallaghers' property was properly prepared and timely filed. The Gallaghers claim, however, that the Court should disallow enforcement of the ... lien on the grounds that Plaintiff failed in its duty to insure that the monies which they, Defendants, paid to Forman were applied to the [invoices] billed to Forman for materials furnished [for] their home. Upon the evidence presented, we do not find the claim of Defendants to have merit.
Jefferson Door Company was not the insurer of the conduct of Forman. It had no legal obligation, contractual or otherwise, to examine or monitor the activities existing by and between Forman and his customers. If any such duty existed, it was imposed upon the Gallaghers. Thus, Plaintiff is entitled to have its lien recognized and right to proceed against the Gallaghers' property enforced as prayed.
The court granted judgment in favor of the plaintiff as prayed, including 18% per annum service charges and $10,000.00 in attorney's fees, plus costs and legal interest from date of judicial demand. Subsequently, by consent of the parties, the trial court granted the defendants' motion for new trial and entered an amended judgment that eliminated the 18% per annum service charges and reduced the attorney's fees to $250.00.
The defendants have taken a suspensive appeal, with the following assignment of error:
The trial court erred in failing to find the existence and applicability of an equitable defense based on the manner in which Jefferson Door Company, Inc. advanced *554 credit to its customer Forman Construction, Inc., and in failing to notify the property owner of the circumstances, well-known to Jefferson Door Company, Inc., that no payments were being made on the property owner's job, which was most seriously delinquent, and instead continuing to advance credit on the job relying on its ability to collect from the property owner via the lien statute.
The defendants argue that plaintiff owed an obligation to the defendants "not to recklessly advance credit to Forman when it knew, or should have known, Forman was not creditworthy," since plaintiff was profiting from Forman Construction's referral of the defendants and other persons for whom Forman was building homes. The defendants assert that plaintiff's claim under the Private Works Act, La.R.S. 9:4801, et seq., is "subject to an equitable defense, when the facts of the case clearly show the materialman recklessly advanced credit to its customer, the contractor, to the peril of the property owner."
Defendants allege that the plaintiff allocated payments from Forman first to accounts on which the plaintiff could not place a lien. They contend that a material supplier's lien rights against the property owner should not allow the supplier to worsen the debt incurred by continuing to supply material to the contractor after the supplier knows or should know that the contractor is seriously delinquent on the account.
The issue they have raised is whether a material supplier has a duty to the owner of property to which it delivers materials pursuant to an account agreement with the owner's contractor to see that the owner's payments to the contractor are properly applied to the correct account. In effect, defendants are arguing that a material supplier has a duty to mitigate damages with respect to the amount protected by the lien.
The defendants argue that existing law establishes a definitive precedent for the imposition of an obligation between the material supplier and the owner, which exists regardless of the material supplier's relationship with the contractor and the material supplier's lien rights:
[W]hen the material supplier is sophisticated and possesses, and in fact utilizes, significant internal methods to track the contractor/customer's account, ignores the creditworthiness of the contractor, ignores the information as to the aging of the contractor's accounts which is directly and daily available to the material supplier's personnel, and such actions of the material supplier is to the detriment of the property owner, the material supplier, and not the property owner, should suffer the loss resulting from the contractor/customer's default. [Appellant's Brief, p. 31]
To impose such a requirement would thwart the purposes of the Private Works Act. Instead, the law already contains mechanisms by which property owners may protect themselves. First, the property owner may require the contractor to obtain a bond, against which the owner can make claims if for any liens filed arising from the contractor's default or insolvency. See La.R.S. 9:4802(C), 9:4812.[1] Alternatively, *555 the property owner may purchase a surety bond to protect claimants so that the owner may obtain cancellation of any liens. La.R.S. 9:4835.
An owner, in addition to the contractual liability incurred under contract, has unlimited personal liability under the Louisiana Private Works Act to those with whom he does not have a contractual relationship and who perform work on the property unless the owner has timely filed a notice of contract and had the general contractor timely file a proper bond. Therefore, it is to the owner's advantage to file a timely notice of contract and to have a proper and timely-filed bond.
...
The owner's liability to the lien claimants is not reduced by the amount that he has paid the general contractor, although the general contractor must indemnify the owner for claims that arise. This indemnification claim may be of little solace to the owner if the general contractor has no assets.
. . .
Contrast this situation with one where the owner has required a timely-filed notice of contract and a properly-recorded bond from the contractor.... Now the owner can avoid personal liability to the lien claimants with whom the owner does not have contractual privity, and the lien claimants' rights are restricted to [a set amount] against the surety company plus whatever contractual privity rights they may have against the general contractor.
While owners are benefited by requiring a timely notice of contract and a proper and timely-filed bond, bonded jobs cost more than unbonded ones because general contractors pass the price of the bond on to the owner through the contract amount. [Footnotes omitted.]
Michael R. Rubin, Ruminations on the Louisiana Private Works Act, 58 La. L.Rev. 569, 575-576 (1998).
The Private Works Act creates substantial liabilities for owners. An owner faces personal liability, whether or not there is privity of contract with the lien claimants. An owner also faces loss of its property when lien claimants seize and sell the property pursuant to their privilege to collect what is owed to them.
Id. at 585.
Where there is no performance bond, the owner has recourse against the contractor. The owner's remedies include the imposition of civil penalties under La.R.S. 9:4855, which grants the owner a civil cause of action for damages and attorney fees if the contractor failed to comply with the Residential Truth in Construction Act (RTCA).[2] (Presumably, had the contractor complied with the RTCA, the owner would have required the contractor to obtain a performance bond.)
The plaintiff also points out that Stefanie Gallagher testified she and her husband have made a separate settlement with James Chauvin, under which Chauvin agreed to repay them $100,000.00 over the course of five years, in repayment of the *556 monies that were to be paid to plaintiff.[3] Plaintiff notes that if defendants are allowed to raise an equitable defense to plaintiff's privilege, they will achieve an inequitable result and avoid paying for materials that are currently components of their home.
We find no merit to defendants' equitable estoppel arguments. In Fleming Asphalt Co., Inc. v. Red Stick Const. Co., Inc., 556 So.2d 144 (La.App. 5 Cir.1990), an analogous (but mirror-image) argument was made by a material supplier who sued pursuant to the Public Works Act. The supplier asserted that the property owner was at fault in the supplier's loss by failing to require the general contractor to have the customary statutory bond. This Court rejected that argument, pointing out the cases upon which the supplier relied all predated the present Act.
Here, too, the cases on which the appellants rely for their equity arguments all predate the present version of the Private Works Act.[4] The Private Works Act not only provides a means for material suppliers and others not in privity with property owners to protect themselves when contractors default on payments. It also provides a means for property owners to protect themselves against such claims by suppliers, specifically by requiring the contractor to furnish a bond in connection with the construction contract.
Accordingly, we find no basis on which to reverse the judgment.
Plaintiff filed an answer to the appeal, seeking damages for frivolous appeal in the form of additional attorney fees for defense of the appeal pursuant to La. C.C.P. art. 2164. Plaintiff contends that even if the law recognized constructive knowledge as a trigger to allow an equitable defense, it would not be triggered because there are insufficient circumstances to create constructive knowledge. Plaintiff further asserts that defendants have urged us to create new duties between the material supplier and the property owner which are not previously recognized in the law and are not justified under the circumstances of this case.
The appellate court should award damages for a frivolous appeal only when it appears that the appeal was taken for purposes of delay or that counsel for the appellant does not seriously believe the legal positions set forth. Joseph v. Joseph, 506 So.2d 198 (5th Cir.1987); Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5 Cir. 1983), writ denied 445 So.2d 1235 (La. 1984).
Considering the record, we cannot say the appeal was taken for delay or that counsel for the defendants did not believe the position argued. The mere fact we reject the arguments does not establish that the appeal was frivolous. Further, appeals are favored in the law. Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700. Accordingly, we deny the claim for damages for a frivolous appeal.
*557 For the foregoing reasons, the judgment is affirmed. Costs of the appeal are assessed against the appellants.
AFFIRMED.
NOTES
[1] "Contractors' surety bonds are of two types, sometimes combined in a single bond: performance bonds, which guarantee the contractor will perform the contract; and labor and material payments bonds, which guarantee that all bills for labor and materials contracted for and used by the contractor will be paid by the surety if the contractor defaults.... The Private Works Act recognizes both performance and payment bonds.... Obligations set forth in a bond given by a compensated surety are strictly construed in favor of protecting the obligee." Bossier Medical Properties v. Abbott and Williams Const. Co. of Louisiana, Inc., 557 So.2d 1131, 1133 (La.App. 2 Cir.1990).
[2] The Residential Truth in Construction Act, La.R.S. 9:4851-4855, requires the contractor to give the owner written notice of lien rights that may be asserted against them and of actions the owners may take to protect themselves against liens.
[3] Chauvin was prosecuted by the Jefferson Parish District Attorney on several counts of violation of La.R.S. 14:202, misappropriation of funds by a general contractor, but the charges were dropped after Chauvin reached the settlement with the Gallaghers.
[4] Duffy v. Roman, 209 So.2d 502 (La.App. 4 Cir.1968); Baton Rouge Lumber Co. v. Gurney, 173 So.2d 251 (La.App. 1 Cir.1965); Schwartz Supply Co. v. Breen, 184 So. 228 (Orl.App.1938); Carolina Portland Cement Co. v. United States Fidelity & Guaranty Co., 18 La.App. 105, 137 So. 381 (Orl.App.1931); Hortman-Salmen Co., Inc. v. Naquin, 12 La. App. 491, 126 So. 453 (Orl.App.1930).