McCLENDON, J.
|2In this appeal arising from a community property partition proceeding, the plaintiff appeals the trial court’s judgment that identified the community assets and liabilities of the parties. For the reasons that follow, we dismiss the appeal and remand for further proceedings.
Troy Harris and Elnora Clark Harris were divorced in 2012, and on February 6, *566 2013, Mr. Harris, as a pro se plaintiff, filed a petition to partition the community property. A trial of the traverses was held on August 27, 2013.[1] Thereafter, on October 13, 2013, the trial court issued reasons for judgment, determining that the assets and liabilities listed on Ms. Harris’s sworn detailed descriptive list were the only assets and liabilities of the community. A judgment was signed by the trial court on November 15, 2013. On October 29, 2013, Mr. Harris filed a motion requesting a rehearing, contending that the trial court erred in failing to consider his detailed descriptive list. The motion was denied, and Mr. Harris appealed assigning as error the denial of his motion requesting a rehearing.[2]
The provisions of LSA-R.S. 9:2801 set forth the procedure by which community property is partitioned. The provisions of the statute apply when the spouses are unable to agree on a partition of community property. The statute provides that within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset and all community liabilities. Within sixty days of the date of service of the last filed detailed descriptive list, each party is required to either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. At the trial of such traverses, the court must determine the community assets and liabilities, and the valuation of assets is to be determined at the trial on |sthe merits. Bible v. Bible, 03-2793 (La.App. 1 Cir. 9/17/04), 895 So.2d 547, 549-50, writ denied, 05-1081 (La.6/17/05), 904 So.2d 700. Thus, the statute envisions two possible trials: the first being the preliminary trial of the traverses and the second trial being the trial on the merits whereupon the assets will be valued and allocated and an accounting rendered. Williams v. Williams, 06-2491 (La.App. 1 Cir. 9/14/07), 970 So.2d 633, 638.
A judgment that mei'ely classifies the status of the property without addressing an accounting or value which is at the heart of the controversy is not an appeal-able judgment. Reynolds v. Reynolds, 33, 216 (La.App. 2 Cir. 5/10/00), 759 So.2d 295, 297; Walker v. Walker, 512 So.2d 1230, 1231 (La.App. 5 Cir.), writ denied, 514 So.2d 1178 (La.1987). Such a judgment is not appealable but could be reviewed upon an appeal from the final judgment homologating the partition. To permit the appeal of a traversal judgment as a final judgment would encourage piecemeal appeals and prohibit expeditious disposition of community property cases. Reynolds, 759 So.2d at 297; Walker, 512 So.2d at 1232.
In the instant case, the judgment arose from proceedings to partition community property. The judgment does not resolve all issues in the partition. Most importantly, the judgment does not actually divide. the community assets and liabilities between the parties. It is a judgment that merely classifies the status of the property without addressing an accounting or value, which is at the heart of the controversy. See Joseph v. Joseph, 506 So.2d 198, 200 (La.App. 5 Cir.1987). Therefore, the judgment does not constitute a final judgment for the purpose of an immediate appeal.
*567 CONCLUSION
Accordingly, we dismiss the appeal and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to the plaintiff,-Troy Harris.
APPEAL DISMISSED; CASE REMANDED.

. Because Mr. Harris is incarcerated at the Louisiana State Penitentiary at Angola, Louisiana, he participated in the hearing by a telephone conference call.

. We note that it is clear from Mr. Harris’s appellate brief that he intended to appeal the merits of the case.