NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0618

DEBORAH BROUSSARD BREAUX

VERSUS

BRIAN THOMAS BREAUX

*Judgment Rendered:* **FEB 1 9 2021**

\*\*\*\*\*\*\*\*

Appealed from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. F198016

The Honorable Charlene Charlet Day, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Deborah P. Gibbs<br>Dale Baringer<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Deborah Broussard Breaux |
| Arlene C. Edwards<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Brian Thomas Breaux |

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

Deborah Broussard Breaux ("Debbie") appeals a judgment classifying two properties, Turf-Scape, LLC ("Turf-Scape") and Turf-Scape Industries Holding Company, LLC ("Turf-Scape Holding"), as the separate property of Brian Thomas Breaux ("Brian"). For the reasons that follow, we conclude that the trial court improperly certified the judgment as final under La. Code Civ. P. art. 1915(B) and dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Debbie and Brian were married in 1993 and divorced in 2016. Following the divorce, Debbie filed a petition to partition the community property. According to the record, the matter was set for a community property trial on two different dates in 2017. However, both settings were continued because "it was believed the parties had reached a settlement agreement."

Subsequently, the parties agreed to submit the issue of classification of Turf-Scape and Turf-Scape Holding to the district court on briefs. The district court rendered judgment on September 9, 2019, finding that Turf-Scape and Turf-Scape Holding were Brian's separate property. Pursuant to Debbie's motion to declare the judgment final and appealable, an amended judgment was signed on November 19, 2019, wherein the district court included the following language: "this judgment is considered an absolute and final judgment as it relates to any issues between the parties about the two properties above, and there is no just reason for any further delay in this matter." It is from this judgment that Debbie has appealed, assigning error to the district court's finding that Turf-Scape and Turf-Scape Holding are Brian's separate property.

## JURISDICTION

The judgment before us was certified as a final judgment in accordance with La. Code Civ. P. art. 1915(B). Before we consider the merits of the appeal, we must determine whether the judgment is properly certified. The November 19, 2019 judgment at issue, which merely classifies the status of the parties' property, is not a final judgment under La. Code Civ. P. art. 1841.[1] Nor is it a final judgment for purposes of an immediate appeal under the provisions of Article 1915(A).[2] Therefore, this court's jurisdiction depends upon whether the judgment was properly designated and certified as a final judgment pursuant to Article 1915(B)(1).[3]

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling &**

---

[1] As set forth in La. Code Civ. P. art. 1841, a final judgment is one "that determines the merits in whole or in part."

[2] Louisiana Code of Civil Procedure article 1915(A) provides:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
> (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
> (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
> (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
> (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

[3] Louisiana Code of Civil Procedure article 1915(B)(1) provides:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

**Concrete Solutions v. Lathan Co., Inc.,** 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). Although the district court designated the judgment as final and appealable under Article 1915(B), that designation is not determinative of this court's jurisdiction. **Van ex rel. White v. Davis,** 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 480. When an order designating a judgment as final for appeal purposes is accompanied by explicit reasons, the reviewing court must determine whether the district court abused its discretion in certifying the judgment. **R.J. Messinger, Inc. v. Rosenblum,** 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. The appellate court's jurisdiction to decide an appeal hinges on whether the certification was proper. **Templet v. State ex rel. Dept. of Public Safety and Corrections,** 2005-1903 (La. App. 1 Cir. 11/3/06), 951 So.2d 182, 185.

Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Article 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. **Capital Management Consultants, Inc. v. Duhon,** 2016-0703 (La. App. 1 Cir. 4/18/17), 227 So.3d 839, 842-843. As set forth in **R.J. Messinger, Inc.,** the following factors should be considered in determining whether the district court's certification of a partial judgment was appropriate: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the likelihood that review could be mooted pending future developments in the trial court; (3) the likelihood that the reviewing court might be required to consider the same issue a second time; and (4) miscellaneous factors including delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and other similar factors. **R.J. Messinger, Inc.,** 894 So.2d at 1122.

4

As previously discussed, the judgment at issue only addressed the classification of two properties, Turf-Scape and Turf-Scape Holding. The valuation of these properties has not been addressed, and the partition of the community remains undecided. While the judgment arose from proceedings to partition community property, the judgment does not resolve all issues in the partition.

It is well settled that a judgment that merely classifies the status of the property without addressing an accounting or value is not an appealable judgment. **Harris v. Harris**, 2015-0409 (La. App. 1 Cir. 11/6/15), 183 So.3d 565, 566. Such a judgment is not appealable, but can be reviewed upon an appeal from a final judgment homologating the partition. *Id.* To permit the appeal of such a judgment would encourage multiple appeals and piecemeal litigation and prohibit expeditious disposition of community property cases. **Tramontin v. Tramontin**, 2010-0060 (La. App. 1 Cir. 12/22/10), 53 So.3d 707, 713.

In light of the factors set forth in **R.J. Messinger, Inc.**, and based on the record before us, we conclude the district court abused its discretion in certifying the judgment as final and immediately appealable. Therefore, this matter is not properly before us.

## CONCLUSION

For the above and foregoing reasons, we dismiss the appeal and assess all costs associated with this appeal to Deborah Broussard Breaux.

**APPEAL DISMISSED.**